419 So.2d 1269 (1982)
GLENWOOD HOSPITAL, INC.
v.
LOUISIANA HOSPITAL SERVICE, INC.
No. 14872.
Court of Appeal of Louisiana, First Circuit.
August 24, 1982.
*1270 Kent Breard, Monroe, for plaintiff-appellee Glenwood Hosp., Inc. (now Glenwood Regional Medical Center).
John S. White, Jr., A. Michael Dufilho, Baton Rouge, for defendant-appellant Louisiana Hosp. Service, Inc. (now Louisiana Health Service and Indem. Co.)
Before LOTTINGER, EDWARDS and SHORTESS, JJ.
EDWARDS, Judge.
Louisiana Hospital Service, Inc. appeals a judgment condemning it to pay $15,005.00 plus interest to plaintiff-appellee, Glenwood Hospital, Inc. We affirm.
On February 28, 1974, Glenwood Hospital, Inc., hereinafter Glenwood, filed suit against Louisiana Hospital Service, Inc., hereinafter Blue Cross,[1] alleging that Blue Cross had, in violation of its contract with Glenwood, wrongfully withheld certain payments due Glenwood under numerous patients' individual insurance contracts. The conflict centered around whether or not "Sani-Sets," admit kits containing certain items,[2] which were issued to every in-hospital patient at Glenwood, were medical supplies and therefore covered by insurance payments from Blue Cross. Glenwood urged that the Sani-Sets were medical supplies, while Blue Cross disagreed.
Following several procedural developments, on July 26, 1976, both parties, in an apparent attempt to simplify matters, stipulated that
"... they hereby agree to submit to the Court at a trial one limited issue of whether or not `Sani-Sets' are covered under the Member Hospital Agreement and/or B/C subscriber contract ....
"The judgment to be rendered after trial will state the Court's opinion on this limited issue without prejudice to or effect upon the rights of the parties in any other respect."
Trial was had on December 2-3, 1976. On May 5, 1977, all parties were notified that Judge McGehee had held that Sani-Sets were not items covered by any agreement. Significantly, no written reasons for judgment were issued and no judgment to this effect was ever signed. Judge McGehee eventually left the bench and was replaced by Judge Gonzales.
*1271 On March 27, 1980, almost three years later, both parties stipulated in the record that, among other things,
"... in event of recovery by plaintiff against defendant in full, the defendant would owe FIFTEEN THOUSAND, FIVE AND 00/100 ($15,005.00) DOLLARS to plaintiff, plus legal interest and all Court costs."
Both parties, with approval of the court, subsequently agreed to submit the case on briefs and without oral argument.
On May 20, 1981, Judge Gonzales issued written reasons for judgment. Not feeling bound by the May 5, 1977, determination of Judge McGehee, Judge Gonzales found that Sani-Sets were medical supplies and that Blue Cross therefore owed Glenwood $15,005.00 plus interest. Judgment was signed on June 8, 1981. After Blue Cross' motion for a new trial was denied on July 8, 1981, the present suspensive appeal was taken.
On appeal, Blue Cross' only specification of error is that, contrary to the doctrine of "law of the case," Judge Gonzales reversed the allegedly reasonable ruling of Judge McGehee.
The law of the case principle relates to (a) the binding force of a trial judge's rulings during later stages of trial, (b) the conclusive effects of appellate rulings at trial on remand and (c) the rule that an appellate court ordinarily will not reconsider its own rulings of law on a subsequent appeal in the same case. The law of the case principle is merely a discretionary guide, however. Reargument in the same case of a previously decided point will be barred where there is simply a doubt as to the correctness of the earlier ruling. But in cases of palpable error or where, if law of the case were applied, manifest injustice would occur, the principle will not be followed. Petition of Sewerage & Water Board of New Orleans, 278 So.2d 81 (La. 1973).
Judge Gonzales did not have a mere doubt as to Judge McGehee's decisionhe was convinced it was wrong. His oral reasons for judgment on the motion for new trial indicate why he felt Sani-Sets were medical supplies.[3] In such a situation, law of the case is simply inapplicable.
As an added point, we note that Judge McGehee never signed a judgment. Thus, there was no final judgment from which Glenwood could have appealed the May 5, 1977 decision. LSA-C.C.P. Arts. 1911, 2083. For three years Blue Cross was free to have presented a judgment which, if signed, would have forced Glenwood to appeal or accept Judge McGehee's decision as binding. Not having done so, Blue Cross cannot now object to the fact that the May 5, 1977, decision was merely interlocutory and subject to change.
Blue Cross did not, as a ground for appeal, claim that Judge Gonzales' decision was contrary to the evidence. Nevertheless, after a careful review of the entire record, we cannot say that Judge Gonzales was wrong.[4] Accordingly, the judgment is affirmed. All costs, both trial and appellate, are to be paid by Blue Cross.
AFFIRMED.
NOTES
[1] On February 6, 1975, Louisiana Health Service & Indemnity Company moved and was substituted as the named party defendant. The change was of name only, not of the true party defendant, Blue Cross.
[2] Wash basin, carafe, tumbler, tray (for tumbler and carafe), emesis basin, soap dish, Dermasage lotion, and bay wipers (100 Kleenexes).
[3] "In this case, from the very beginning, I believed that Sani-Sets were medical supplies. When you take water to take aspirin or medication of some type, the glasses and the bottle that furnish that water are as important as the medicine you swallow. When you give a thermometer to take temperature, that's part of the medical treatment and it ought to be considered medical supplies. I thought that from the beginning."
[4] We do not imply that, were we sitting as a trial court, we would decide as did Judge Gonzales. Sitting as an appellate court, we are not free to so decide. We do not retry cases, we review them.