674 So.2d 991 (1996)
Daniel Konrad WILLIS
v.
Gary VENTRELLA and Dione Martrain Ventrella.
No. 95 CA 1669.
Court of Appeal of Louisiana, First Circuit.
April 4, 1996.
Rehearing Denied June 25, 1996.
*993 Charles E. Griffin, II, St. Francisville, for Plaintiff-Appellee.
Robert J. Burns, Jr., Baton Rouge, and Michael L. Hughes, St. Francisville, for Defendants-Appellants.
Before SHORTESS, PARRO and KUHN, JJ.
SHORTESS, Judge.
Daniel Konrad Willis (plaintiff) owned 835 acres upon which his neighbors, G. Gary Ventrella and Dione M. Ventrella (defendants), wished to hunt. Plaintiff and defendants executed a document entitled "Hunting Lease" which was drafted by plaintiff and contained strikeouts and interlineations made by G. Gary Ventrella (Ventrella). The document is undated, but according to the parties, it was intended to be effective with the 1991 hunting season.
The draft of the document provided that each year defendants were to pay $2,000.00 plus the property taxes and were to provide 120 hours of work with a bulldozer. Defendants were also obligated to maintain all roads and creek crossings in a condition suitable for passage by two-wheel-drive vehicles and log trucks. At the time the document was executed, Ventrella struck out certain portions of the paragraph regarding bulldozer work in the "Consideration" section so that it ultimately read as follows:
LESSEE further agrees to provide dozer work with a bull dozer of the equivalent of a John DEER[E] 450, provided that lessee shall have the right to select the type of dozer provided that it have the capacity of a John DEER[E] 450 OR EQUAL, or that lessee shall have the right to provide a smaller dozer, but, in the exercise of which option, the smaller dozer shall perform the equivalent amount of work as a John DEER[E] 450 would do, for general purposes of capital improvement to the leasehold, at direction of lessor, such as building ponds, lakes, clearing rights of way, clearing land, removing stumps, or any other work that lessor shall direct.
By 1992 problems developed between plaintiff and defendants. From September 1992 throughout 1993, plaintiff complained to Ventrella that he had failed to provide dozer work, had failed to maintain the roads properly, and was hunting at close range to plaintiff's home. On December 7, 1993, plaintiff's counsel sent a letter to defendants notifying them eviction proceedings would be filed against them if they were not off the property by December 31.
When defendants refused to comply, plaintiff filed a "Petition for Damages and Injunctive Relief seeking a declaration the "lease" had been breached, compensation for damage to the property, and an injunction preventing defendants or their invitees from using firearms within 800 meters of his home or from using "high power rifles" anywhere on the property. After a hearing, the trial court granted the injunctive relief.
Plaintiff then filed a rule for eviction in the same suit record. The trial court denied the rule in part because the rent which plaintiff claimed was unpaid was not yet due. When plaintiff filed a second rule for eviction, defendants filed an exception of improper cumulation of actions. After a hearing, the trial court granted the eviction because defendants had failed to pay the cash consideration for 1994 and had avoided or performed in a substandard manner, bulldozer work contemplated by the lease. The court also denied the exception.
Finally, the trial court tried the merits of plaintiff's claim for damages. After hearing all new testimony for this portion of the case, the court found the document was not a valid lease because the price was not certain and *994 determinate as required by Louisiana Civil Code article 2671. The court awarded compensation to plaintiff, however, under the theory of unjust enrichment. The court also awarded plaintiff the cost of repairing road work improperly performed by Ventrella but denied plaintiff's demand for attorney fees.
From this judgment defendants have appealed. Plaintiff has answered the appeal seeking attorney fees.

I. WAS THERE AN ENFORCEABLE LEASE?

A. Law
The Civil Code defines "lease" as a "synallagmatic contract, to which consent alone is sufficient, and by which one party gives to the other the enjoyment of a thing, or his labor, at a fixed price." La. C.C. art. 2669 (emphasis added). Three elements are essential: the thing, the price, and the consent. La. C.C. art. 2670. The requisites of "price" are set forth in article 2671: "The price should be certain and determinate, and should consist of money. However, it may consist in a certain quantity of commodities, or even in a portion of the fruits yielded by the thing leased." While the price need not be in money but may consist of other considerations, Louisiana Ass'n for Mental Health v. Edwards, 322 So.2d 761, 767 (La.1975), it must be readily ascertainable and determinable from facts or circumstances not within the control of the parties. Mouton v. P.A.B., Inc., 450 So.2d 410, 413 (La.App. 3d Cir.), writ denied, 458 So.2d 118 (La.1984).

B. Analysis
A portion of the consideration section of the "lease" provides the dozer work is to be done "at direction of lessor." The amount of dozer work to be done is not readily ascertainable. Furthermore, it is determinable solely from circumstances within the control of the parties. The trial court was legally correct in finding the essential element of a certain and determinate price was absent in this case, and thus the lease was unenforceable.

II. DID THE "LAW OF THE CASE" DOCTRINE APPLY?

A. Defendants' contentions
Defendants contend the trial court erred in failing to apply the "law of the case" doctrine. Defendants assert the trial court's finding on the rule to evict that the lease had been breached was tantamount to a finding the lease was valid and enforceable. They further assert that under the law of the case doctrine, that finding was binding on the trial court in the subsequent damages trial.

B. Law
The law of the case doctrine relates to the binding force of a trial court's rulings during the later stages of trial. It is merely a discretionary guide. It does not apply in cases of palpable error or where, if applied, manifest injustice would occur. Petition of Sewerage & Water Bd., 278 So.2d 81, 83 (La.1973); Glenwood Hosp. v. Louisiana Hosp. Serv., 419 So.2d 1269, 1271 (La.App. 1st Cir.1982).

C. Analysis
The rule to evict and the trial on the petition for damages were two separate proceedings. They could have been filed in separate suits, as defendants noted in their exception of improper cumulation. The validity of the lease was not raised as an issue in the rule to evict and was not specifically ruled on by the trial court. Even if, in the earlier summary proceeding, the trial court had specifically ruled the lease was valid, that ruling would not have been binding upon the trial court because it was legally incorrect. The law of the case doctrine simply has no application under the facts of this case.

III. DID THE TRIAL COURT ERR IN APPLYING THE DOCTRINE OF UNJUST ENRICHMENT?

A. Law
There is a general concept of quasi contractual obligations based upon the principle that where there is an unjust enrichment of one at the expense or impoverishment of *995 another, the value or the enrichment must be restituted. Minyard v. Curtis Products, 251 La. 624, 205 So.2d 422, 432 (1967). Thus, when a plaintiff confers a benefit on a defendant in pursuance of a contract supposedly valid but in truth void, the plaintiff is entitled to restitution of the benefit conferred.
At common law, damages in this quasi contractual situation would be based on quantum meruit. Barry Nicholas, Unjustified Enrichment in Civil Law and Louisiana Law, 37 Tul.L.Rev. 49, 56-57 (1963). Quantum meruit is not recognized in our Civil Code, although it has been applied by our courts. A similar equitable remedy, the actio de in rem verso or unjust enrichment, is firmly rooted in our Civil Code. Gray v. McCormick, 94-1282, p. 6 (La.App. 3d Cir. 10/18/95), 663 So.2d 480, 486.
Civil Code article 2055, in pertinent part, contains this moral maxim: "Equity ... is based on the principles that no one is allowed to take unfair advantage of another and that no one is allowed to enrich himself unjustly at the expense of another." The supreme court has enumerated five distinct prerequisites for the application of the doctrine of unjust enrichment: (1) an enrichment; (2) an impoverishment; (3) a causal relationship between the enrichment and the impoverishment; (4) an absence of justification or cause for the enrichment or impoverishment; and (5) the absence of any other remedy at law. Kirkpatrick v. Young, 456 So.2d 622, 624 (La.1984); Minyard, 205 So.2d at 432.
Civil Code article 2298 refers to these principles as "enrichment without cause." Although this article was effective January 1, 1996, and thus was not in effect when the benefit was conferred or the subject judgment was rendered, it expresses principles based on existing civilian doctrine and jurisprudence. This article provides:
A person who has been enriched without cause at the expense of another person is bound to compensate that person. The term "without cause" is used in this context to exclude cases in which the enrichment results from a valid juridical act or the law. The remedy declared here is subsidiary and shall not be available if the law provides another remedy for the impoverishment or declares a contrary rule.
The amount of compensation due is measured by the extent to which one has been enriched or the other has been impoverished, whichever is less.
The extent of the enrichment or impoverishment is measured as of the time the suit is brought or, according to the circumstances, as of the time the judgment is rendered.

B. Analysis
The trial court found the principle of unjust enrichment required plaintiff be compensated for the fair lease value of the 835-acre tract. Although the court did not specifically discuss the five prerequisites, we find they were met. Defendants were enriched by enjoying the benefit of hunting rights on plaintiff's property for three years. Plaintiff was impoverished by the loss of revenue from leasing the property at fair market value. Plaintiff's loss was directly related to defendants' gain; he could not lease the property to another when he believed he had validly leased it to defendants.
The late Justice Tate explained the fourth prerequisite, the absence of legal cause, as existing when no lawful contract or provision of law permits the enrichment or prevents the impoverishment. Albert Tate, Jr., The Louisiana Action for Unjustified Enrichment, 50 Tul.L.Rev. 883, 887 (1976). In this case, as there was no lawful lease, there was no legal cause for the enrichment and resulting impoverishment. Finally, there was no other remedy at law as plaintiff could not enforce an invalid lease.
Thus, the trial court correctly applied the principles of unjust enrichment or enrichment without cause to the facts of this case. Defendants' contentions that these principles should not have been utilized are without merit.

IV. ARE THE DAMAGES AWARDED SUPPORTED BY THE RECORD?

A. Law
In the assessment of damages in cases of quasi contracts, much discretion *996 must be left to the trier of fact. La. C.C. art. 2324.1. The trial court's award of damages is supported by thorough written reasons. His finding of a fair lease price of $12.00 per acre is supported by testimony that the "going rate" in the area is $10.00 to $12.00 per acre, that plaintiff's sister leases adjoining property for $15.00 per acre, and that plaintiff now leases his property for $15.00 per acre.
Regarding damages for road repairs necessitated by Ventrella's improper road maintenance, defendants contend in their brief that the trial court "placed too great a weight on the evidence adduced by the [plaintiff] with respect to damage to the roads." The weight accorded plaintiff's evidence was a credibility decision which will not be disturbed by this court in the absence of manifest error. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989).
Plaintiff's claim of damage to the roads was supported by his testimony and photographs of the roads, and the cost to repair them was supported by the testimony of plaintiff and a heavy equipment operator, William Buckley. We find no manifest error in the factual findings, and no abuse of discretion in the amount of damages awarded.

V. SHOULD PLAINTIFF HAVE BEEN AWARDED ATTORNEY FEES?
The trial court denied plaintiff's claim for attorney fees because the claim was based on a provision in the invalid lease. Plaintiff has answered the appeal seeking a reversal of that portion of the trial court's decision.
Attorney fees may not be awarded except where authorized by statute or contract. Maloney v. Oak Builders, 256 La. 85, 235 So.2d 386, 390 (1970); Burns v. McDermott, Inc., 95-0195 p. 5 (La.App. 1st Cir. 11/9/95), 665 So.2d 76, 79. Plaintiff cites no statutory provision allowing attorney fees in a quasi contractual situation, and the trial court correctly held the attorney fees provision in the invalid lease was unenforceable. Plaintiff's answer to the appeal has no merit.

VI. CONCLUSION
For these reasons, the judgment of the trial court is affirmed. Defendants are cast with all costs of this appeal.
AFFIRMED.