J^FOIL, J.
In this appeal, Community Coffee Company, L.L.C. d/b/a C.C.’s Gourmet Coffeehouse challenges the trial court’s grant of summary judgment in favor of B.F. Samuel, Sr. d/b/a Upstream Shopping Center on the issue of Community’s liability under a lease contract. For the reasons that follow, we reverse.
FACTUAL AND PROCEDURAL BACKGROUND
Community Coffee hired Neal Hixon to assist in identifying potential sites in the New Orleans area to operate a C.C.’s Gourmet Coffeehouse. Mr. Hixon found a possible site in the Upstream Shopping Center in Jefferson, Louisiana, and began negotiations with Lamar Richardson, counsel for Upstream’s owner, B.F. Samuel, Sr. By letter to Mr. Hixon dated August 6, 1998, Mr. Richardson (on behalf of Mr. Samuel) offered to lease the site to Community. The letter stated that Community would be responsible for removing an existing structure on the site and replacing it “with a 2,000 foot C.C. Gourmet Coffeehouse structure reasonably suitable to” Mr. Samuel. Mr. Hixon made a minor change to the terms of the letter, signed it as “ACCEPTED” by Community, and returned it to Mr. Richardson. Mr. Lamar wrote a second letter, dated August 12, 1998, to Mr. Hixon, indicating Upstream’s acceptance of Mr. Hixon’s “counteroffer,” and informing Mr. Hixon that Mr. Lamar would prepare the proper lease documents and forward them “upon receipt of the plans for the C.C. Gourmet Coffeehouse structure to be attached as an exhibit.” More documents were exchanged between Mr. Richardson and Mr. Hixon, including a “footprint” of where the coffeehouse would be situated on the site.
Ultimately, Community decided against the lease of the Upstream site and refused to sign the lease documents. Mr. Samuel filed the instant suit, claiming Mr. Hixon’s “counteroffer,” as evidenced by his signature on the August 6, 1998 letter, and Mr. Richardson’s “acceptance,” as evidenced by his August 12, 1998 letter, constituted a lease contract, by which 13Community was bound. Mr. Samuel filed a motion for summary judgment on the issue of Community’s liability, and Community filed a cross motion for summary judgment.
After a hearing, the trial court signed a judgment, granting Mr. Samuel’s motion and concluding Community was liable to him for all damages caused by Community’s breach, such damages to be determined at trial. The trial court denied Community’s motion for summary judgment. In reasons for judgment, the trial court indicated there was no genuine issue of fact as to Community’s liability because, for purposes of the motions for summary judgment, Community had conceded the agency of Mr. Hixon. The trial court further determined the lease contained a determinable object, a “Gourmet Coffeehouse,” despite language subjecting the construction of the building to Mr. Samuel’s reasonable approval. Community appealed.
SUMMARY JUDGMENT
Appellate courts review summary judgments de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. A motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B); Butz v. Lynch, 99-1070, 99-1071 (La.App. 1 Cir. 6/23/00), 762 So.2d 1214, 1217, writ denied, 00-2660 (La.11/17/00), 774 So.2d 980.
*664 DISCUSSION
In its first assignment of error, Community contends the trial court erred in determining the lease contract had a definite object. The essential elements of a lease contract are the thing, the price, and the consent. La. C.C. art. 2670; Willis v. Ventrella, 95-1669 (La.App. 1 Cir. 4/4/96), 674 So.2d 991, 994, writ denied, 96-1937 (La.11/1/96), 681 So.2d 1266. Further, the object of a contract must be determined at least as to its kind. La. C.C. art.1973. Based on the exchange of documents between the parties, the trial court concluded the lease herein contained a determinable object — the lease of a gourmet coffeehouse. We conclude the trial court was correct in this regard and correctly granted summary judgment on this issue.[1]
In its third assignment of error, Community contends the trial court erred in concluding there were no disputed factual issues regarding the agency relationship between Community and Mr. Hixon. A principal is bound to perform the contract that his mandatary, acting within the limits of his authority, makes with a third person. La. C.C. art. 3020. However, a third party may not blindly rely on the assertions of the mandatary, but has a duty to determine, at his peril, whether the mandate purportedly granted by the principal permits the proposed act by the mandatary. Clampit v. Interstate Dodge, Inc., 34,125 (La.App. 2 Cir. 11/15/00), 771 So.2d 311, 315, writ denied, 00-3412 (La.2/2/01), 784 So.2d 649.
After a thorough review of the record, we conclude Community did not concede Mr. Hixon’s authority to contractually bind the company. The summary judgment evidence indicates there are disputed facts regarding the extent of Mr. Hixon s authority. Although Community admitted before the trial court that Mr. Hixon was hired as a consultant to assist in identifying potential sites for the location of its coffeehouse, it clearly denied he had the authority to enter into any binding agreement on its behalf. A trial on the merits should be conducted to determine the facts surrounding this situation. Accordingly, we reverse the trial court’s grant of summary judgment in favor of Mr. Samuel. Costs of this appeal are assessed to Mr. Samuel.
REVERSED.
Judge William F. Kline, Jr., Retired, serving Pro Tempore by special appointment of the Louisiana Supreme Court.

. Based on our resolution of Community’s first assignment of error, we need not address assignment of error number two.