MARC E. JOHNSON, Judge.
12Pefendant/appelIant, Sid Bullard, appeals from a judgment ordering him to submit to arbitration. For the reasons that follow, we reverse.
Plaintiff, Chandan Prasad (“Dr. Pra-sad”), entered into a contract with Bullard Capital, L.L.C., d/b/a Contract Services, to complete the construction of a house. A dispute regarding the construction con *38 tract arose and, pursuant to the contract, Dr. Prasad submitted an arbitration demand to the American Arbitration Association (“AAA”). The arbitration demand asserted claims against Bullard Capital, L.L.C. (“Bullard Capital”), Contract Services, L.L.C. (“Contract Services”), and defendant, Sid Bullard, as the principal for both companies and “his misrepresentations, misallocation of funds, [and] commingling of assets between the identified' organizations.” Both Bullard Capital and Contract Services filed an answer to the arbitration demand and asserted a counter claim. In the answer, Mr. Bullard challenged the jurisdiction and venue of the AAA as it related to him personally on the basis he was not a party to the contract between Dr. Prasad and Bullard Capital.
13Pr. Prasad subsequently filed a Petition for Declaratory Judgment and Order Compelling Sid Bullard to Arbitrate in the 24th Judicial District Court. Dr. Prasad indicated that a dispute over a contract had arisen between Bullard Capital and Contract Services and that the matter was proceeding through arbitration as required by the contract. He further indicated that Mr. Bullard refused to recognize the jurisdiction of the AAA over him. Dr. Prasad asserted that, although Mr. Bullard did not sign the contract, he was bound to the contract, including the arbitration provision, as the sole member in Bullard Capital and Contract Services and under the theories of piercing the corporate veil, alter ego, and third party beneficiary. As such, Dr. Prasad sought a declaratory judgment and order compelling Mr. Bullard to submit to arbitration.
Mr. Bullard responded to the petition by asserting the contract was only between Dr. Prasad and Bullard Capital and claimed that he “neither accepts nor recognize[s] the jurisdiction and venue over him by the American Arbitration Association in this matter.”
After a hearing, the trial court granted Dr. Prasad’s Petition for Declaratory Judgment and Order Compelling Arbitration. In its reasons for judgment, the trial court relied on Arthur Andersen, LLP v. Carlisle, — U.S. —, 129 S.Ct. 1896, 173 L.Ed.2d 832 (2009), as well as Louisiana jurisprudence favoring arbitration, and found that because a contract may be enforced against a non-party to the contract under certain circumstances, including piercing the corporate veil and alter ego, Mr. Bullard was required to submit to arbitration.
Mr. Bullard appeals the decision of the trial court claiming the trial court erred in finding the contract between Dr. Prasad and Bullard Capital, which contained an arbitration clause, was enforceable against him, a non-signatory. Mr. Bullard relies on Ciaccio v. Cazayoux, 519 So.2d 799 (La.App. 1st Cir.1987), and Woodrow Wilson Const. Co., Inc. v. MMR-Radon Constructors, Inc., 93-2346 (La.App. 1 Cir. 4/8/94), 635 So.2d 758, writ denied, 94-1206 (La.7/1/94), 639 So.2d 1167, to support his position that he cannot be required to submit to arbitration because he never agreed to arbitration. He contends he was not a party to the contract and, because corporations are distinct legal entities separate from the individuals who comprise them, the contract, including the arbitration clause, cannot be enforced against him.
Arbitration is a process of dispute resolution in which a neutral third party renders a decision after a hearing at which the parties have an opportunity to be heard. The purpose of arbitration is the speedy disposition of differences through informal procedures without resort to court action. Horseshoe Entertainment v. Lepinski, 40,753, p. 5 (La.App. 2 *39 Cir. 3/8/06), 923 So.2d 929, 933, writ denied, 06-792 (La.6/2/06), 929 So.2d 1259. A determination of whether to compel arbitration is a question of law and, thus, appellate review is simply to determine whether the trial court was legally correct or legally incorrect. Id. at 5, 923 So.2d at 934.
Arbitration is a matter of contract and a court cannot compel a party to submit to arbitration any disputes that the party has not agreed to submit. Lakeland Anesthesia, Inc. v. United Healthcare of Louisiana, Inc., 03-1662, pp. 7-8 (La.App. 4 Cir. 3/17/04), 871 So.2d 380, 386-87, writs denied, 04-969 and 04-972 (La.6/25/04), 876 So.2d 834. The authority of an arbitrator to resolve disputes is derived from the parties’ advance agreement to submit such grievances to arbitration. Horseshoe Entertainment, 40,753 at 6, 923 So.2d at 934, citing AT & T Technologies, Inc. v. Communications Workers of America, 475 U.S. 643, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986). Thus, unless the parties clearly and | ¿unmistakably provide otherwise, the question of whether the parties agreed to arbitrate is to be decided by the court and not the arbitrator. Id.
There is a strong presumption in favor of arbitration. Aguillard v. Auction Management Corp., 04-2804, pp. 24-25 (La.6/29/05), 908 So.2d 1, 18. The Louisiana Supreme Court has stated that “even when the scope of an arbitration clause is fairly debatable or reasonably in doubt, the court should decide the question of construction in favor of arbitration.” Aguillard, 04-2804 at 25, 908 So.2d at 18.
The validity, irrevocability, and enforceability of arbitration agreements are recognized in the Louisiana Binding Arbitration Law (“LAL”), La. R.S. 9:4201. The LAL is virtually identical to the Federal Arbitration Act (“FAA”), 9 U.S.C. §§ 1-14, and, thus, federal jurisprudence provides guidance for resolving arbitration issues. Aguillard, supra. Both the LAL and FAA provide for specific enforcement of arbitration agreements. Lakeland Anesthesia, 03-1662 at 9, 871 So.2d at 387. In deciding whether to compel arbitration, the threshold inquiry is whether the parties agreed to arbitrate their disputes. This is a two-fold inquiry: (1) whether there is a valid arbitration agreement, and (2) whether the dispute in question falls within the scope of that agreement. Lakeland Anesthesia, 03-1662 at 9, 871 So.2d at 388; Saavedra v. Dealmaker Developments, LLC, 08-1239, p. 7 (La.App. 4 Cir. 3/18/09), 8 So.3d 758, 763, writ denied, 09-875 (La.6/5/09), 9 So.3d 871.
Arbitration agreements are contracts and must be enforced according to their terms. Such agreements must be interpreted by applying accepted rules of state contract law, or La. C.C. arts. 2045 to 2057. Lakeland Anesthesia, 03-1662 at 8, 871 So.2d at 387. Whether a party is obligated to arbitrate is a matter of contract and, thus, the question of who is bound by an arbitration agreement is a function of the intent of the parties, as expressed in the terms of the agreement. Bridas S.A.P.I.C. v. Government of Turkmenistan, 345 F.3d 347, 355 (5th Cir.2003), cert. denied, 541 U.S. 937, 124 S.Ct. 1660, 158 L.Ed.2d 357 (2004).
In the present case, the arbitration provision contained in the contract provides:
In the case of any dispute between the parties, the Parties hereby agree that the dispute will be adjudicated by binding arbitration. The Parties hereby submit to the jurisdiction of the American Arbitration Association, and agree to arbitrate their differences in accordance with the American Arbitration Association’s Construction Industry Rules. The cost of the arbitration proceeding *40 shall be split equally between the parties. Arbitration proceedings will be conducted in New Orleans, Louisiana.
The contract was signed by Dr. Prasad and Bullard Capital by its duly authorized agent, Aaron Robinson. It is undisputed that Mr. Bullard never signed the contract and is not mentioned in the contract. Thus, he is not a party to the contract. Generally, in order to be subject to arbitral jurisdiction, the party must be a signatory to a contract containing an arbitration clause. Bridas, 345 F.3d at 354.
However, there are circumstances under which a contract may be enforced against a non-signatory. In Arthur Andersen, LLP v. Carlisle, — U.S. —, 129 S.Ct. 1896, 1902, 173 L.Ed.2d 832 (2009), the United States Supreme Court observed that “ ‘traditional principles’ of state law allow a contract to be enforced by or against nonparties to a contract through ‘assumption, piercing the corporate veil, alter ego, incorporation by reference, third-party beneficiary theories, waiver and estoppel.’ ” Id.
Juridical persons, such as corporations and limited liability companies, are distinct from their members. La. C.C. art. 24. Generally, members of a limited liability company (“LLC”) are not personally liable for the debts, obligations and other liabilities of the LLC to third parties and a LLC member is not a proper party in any proceeding against the LLC. La. R.S. 12:1320(B). However, third parties [7can bring claims against a member for “any fraud practiced upon him, because of any breach of professional duty or other negligent or wrongful act by such person, or in derogation of any right which the limited liability company may have against any such person because of any fraud practiced upon it by him.” La. R.S. 12:1320(D). Thus, under certain circumstances, a court can pierce the corporate veil in order to reach the “alter ego” of the corporate member and hold the corporate member liable for the debts of the corporation.[1] Peyton Place, Condominium Associates, Inc., v. Guastella, 08-365, p. 25 (La.App. 5 Cir. 5/29/09), 18 So.3d 132, 149.
Due to the beneficial role of the corporate concept, the limited liability attendant to corporate ownership should be disregarded only in exceptional circumstances. Id. “Courts do not lightly pierce the corporate veil even in deference to the strong policy favoring arbitration.” Bridas, 345 F.3d at 359, quoting, ARW Exploration Corp. v. Aguirre, 45 F.3d 1455, 1461 (10th Cir.1995). Before the corporate entity is disregarded on the basis it is simply the alter ego of the member, proof of fraud or deceit is usually required. The corporate entity may also be disregarded when the individualities of the corporation and member cease to exist. Bergman v. Nicholson Management and Consultants, Inc., 594 So.2d 491, 499 (La.App. 4th Cir.1992), writ denied, 600 So.2d 646 (La.1992).
When a party seeks to pierce the corporate veil, the totality of the circumstances is determinative. The Louisiana Supreme Court has identified five nonexclusive factors to be used in determining whether to apply the alter ego doctrine: (1) commingling of corporate and shareholder funds; (2) failure to follow statutory formalities for incorporating and transacting corporate affairs; (3) undercapitalization; (4) failure to provide separate bank *41 accounts and bookkeeping 1 srecords; and, (5) failure to hold regular shareholder and director meetings. Riggins v. Dixie Shoring Co., Inc. 590 So.2d 1164, 1168 (La.1991). The involvement of a sole shareholder in a corporation is insufficient alone to establish a basis for disregarding the corporate entity. Town of Haynesville, Inc. v. Entergy Corp., 42,019, p. 8 (La.App. 2 Cir. 5/2/07), 956 So.2d 192, 197, writ denied, 07-1172 (La.9/21/07), 964 So.2d 334. In determining whether to pierce the corporate veil to impose contractual or legal obligations on an individual, competing policies supporting the recognition of a separate corporate existence and those justifying piercing the veil must be weighed to determine if there is some misuse of the corporate privilege or other justification for limiting it under the facts of a particular situation. Peyton Place, supra. A trial court’s finding that the corporate entity should be disregarded is a finding of fact which is subject to the manifest error standard of review. Id.
In his petition for declaratory judgment, Dr. Prasad asserted Mr. Bullard is personally bound to the contract containing the arbitration clause as a non-signatory under the theories of piercing the corporate veil and alter ego. However, Dr. Prasad offered no evidence to support his claims that Mr. Bullard is bound under the theories of piercing the corporate veil and/or alter ego. The only allegation of fact in the petition relating to piercing the corporate veil was that Mr. Bullard was the sole member in Bullard Capital. As stated above, the mere involvement of a sole member is insufficient to pierce the corporate veil.
While we recognize that a non-signatory may be bound by an arbitration clause in a contract in some circumstances, we find the trial court erred in ordering Mr. Bul-lard, as a non-signatory, to submit to arbitration in this case. The record is completely devoid of any evidence justifying piercing the veil of the corporate entity and binding its member to a contract signed by the LLC. Without any | ^evidence to show Mr. Bullard committed fraud as a member of Bullard Capital or was the alter ego of Bullard Capital, there is no justification for piercing the corporate veil and binding Mr. Bullard, as a non-signatory, to the arbitration clause in the contract between Dr. Prasad and Bullard Capital. We express no opinion as to whether the corporate veil can be pierced at a later stage in the proceedings.
For these reasons, we reverse the trial court’s judgment granting a declaratory judgment and ordering Mr. Bullard to submit to arbitration.

REVERSED.

. The theory of piercing the corporate veil applies to limited liability companies and is not limited to corporations. See ORX Resources, Inc. v. MBW Exploration, LLC, 09-662, p. 7 (La.App. 4 Cir. 2/10/10), 32 So.3d 931, 935, writ denied, 10-530 (La.5/7/10), 34 So.3d 862.