CHEHARDY, J.,
dissents with reasons.
Iil respectfully dissent. In my view, the trial court misapplied the law and violated the fundamental principle that gives corporations a separate legal existence from their shareholders.[1]
A court can pierce the corporate veil under certain circumstances, in order to reach the “alter ego” of the corporate member and hold the corporate member hable for the debts of the corporation.[2] Common control or ownership, however, does not authorize a court to ignore the boundaries between two separately incorporated entities. “Before the corporate entity is disregarded on the basis it is simply the alter ego of the member, proof of fraud or deceit is usually required. The corporate entity may also be disregarded when the individualities of the corporation and member cease to exist.”[3]
In ordering production of the financial records of the six non-Louisiana companies, which were “generated, maintained, and possessed” by Broadwall Management rather than GLC, the trial court placed special emphasis on Jeffrey Feil’s ownership of Broadwall Management, treating Jeffrey Feil’s overlapping interests in Broadwall Management and GLC as justification for obliterating the boundary between these two separate corporate entities. The trial court obviously found merit to the plaintiffs’ argument that they are entitled to the records because 12GLC owns an interest in each of the six non-Louisiana entities; Broadwall Management generates, maintains, and possesses the financial records of those entities; Jeffrey Feil owns Broadwall and is the President of GLC; any documents generated, maintained, and possessed by Broadwall should therefore be treated as if they were generated, maintained, and possessed by GLC because Jeffrey Feil can direct the activities of both Broadwall Management and GLC.
I do not find the plaintiffs’ arguments convincing. I agree with GLC’s argument that the trial court’s ruling “distorts the limiting language carefully chosen by the Court in its prior opinion — effectively expanding, rather than limiting, GLC’s obligation to produce records — and ignores longstanding Louisiana law regarding separate corporate existence.” GLC itself does not “generate, maintain, and possess” *182 the financial records of the six non-Louisiana entities. I would find the trial court erred in ordering GLC to produce records of Broadwall.
La. R.S. 12:103(D)(l)(a) does not supersede the legal theory of separate corporate existence. GLC cannot be compelled to produce documents that it does not generate, maintain and possess unless the legal distinctions between GLC and Broadwall and the Six Entities are ignored.
In my view, the plaintiffs and the trial court are trying to pierce the corporate veils of GLC and Broadwall, without having followed the formalities required to do so. They have neither pleaded nor proven the circumstances under which the veil may be pierced.[4]
The records the plaintiffs seek are generated and maintained elsewhere by another entity as part of a legitimate, longstanding management structure. They are not records that GLC would be expected to possess in the normal course of |sbusiness, and there is no evidence that GLC in fact possesses them. Accordingly, they are not subject to production under the Amended Order.
Thus, I would vacate the judgment and remand to the trial court for recasting and clarification in accordance with the opinion in the first appeal.[5]

. Juridical persons, such as corporations and limited liability companies, are distinct from their members. La. C.C. art. 24.

. Bottom Line Equipment, L.L.C. v. BX Equipment, L.L.C., 10-830, p. 6 (La.App. 5 Cir. 1/25/11), 60 So.3d 632, 636.

.Prasad v. Bullard, 10-291, p. 7 (La.App. 5 Cir. 10/12/10), 51 So.3d 35, 40.

. See Town of Haynesville, Inc. v. Entergy Corporation, 42,019 (La.App. 2 Cir. 5/2/07), 956 So.2d 192, writ denied, 2007-1172 (La.9/21/07), 964 So.2d 334.

. Fell v. Greater Lakeside Corp., 09-441 (La. App. 5 Cir. 1/26/10), 31 So.3d 520, writ denied, 2010-0434 (La.4/30/10), 34 So.3d 298.