681 So.2d 63 (1996)
The LOUISIANA LAND AND EXPLORATION COMPANY
v.
Sidney VERDIN, et al.
No. 95 CA 2579.
Court of Appeal of Louisiana, First Circuit.
September 27, 1996.
*64 Charles D. Marshall, Jr., New Orleans, and Donald L. Peltier, Thibodaux, for Plaintiff-Appellee The Louisiana Land and Exploration Co.
Joel R. Waltzer, Jennifer N. Willis, Robert E. Arceneuax, New Orleans, and Joseph L. Waitz, Houma, for Defendants-Appellants Sidney Verdin and Wickliff Verdin.
Scott D. Wilson, Baton Rouge, for Defendant United Houma Nation.
Before LOTTINGER, C.J., and FOIL and FOGG, JJ.
FOGG, Judge.
The salient issue raised on appeal in this possessory action is whether state court has subject matter jurisdiction.
Louisiana Land and Exploration Company (LL & E) filed this possessory action on November 12, 1992, relating to two sections of marshland property (Sections 27 and 28, Township 19 South, Range 20 East) in Lafourche and Terrebonne Parishes and seeking to stop the individual defendants from their alleged acts of trespass and damage on the property. LL & E's petition asserted that since 1926 it had continually exercised corporeal and civil possession of the property.
Although none of the eight individual defendants were living on the property, LL & E's suit sought the removal of various constructions left on the property by defendants Sidney Verdin and Wickliff Verdin. These constructions included two butterfly nets and an adjacent shack. The suit also sought damages for cuts which had been dug into two earthen dams on the property, adjacent to the placement of the butterfly nets.
On September 13, 1993, the defendants removed the case to the United States District Court for the Eastern District of Louisiana. In their removal, the defendants asserted the same argument they are raising in this appeal, that the federal court had jurisdiction over this matter because the defendants claimed that they were members of an Indian tribe and the property is part of their Indian lands.
The federal court rejected the defendants' argument of federal jurisdiction and ordered this case remanded to state court. Following remand, the defendants, on September 2, 1994, filed an exception of lack of subject matter jurisdiction along with their answer asserting their exception that the state court lacked subject matter jurisdiction because "the lands involved are lands owned by the federal government in trust for the Houma Nation ... [and] because of the exclusive nature of federal interests associated with relations between the United States and Native Americans."
On July 17, 1995, a hearing was conducted on the defendants' subject matter jurisdiction exception. In support of their motion, the defendants argued their mere assertion of Indian status and/or tribal ownership as defenses in this matter was sufficient to divest the state court of jurisdiction in the case. The district court overruled the subject matter jurisdiction exception.
The defendants filed an Application for Supervisory Writs with this court, seeking to have the judgment of the trial court concerning subject matter jurisdiction overturned. On July 27, 1995, this court acted on the writ application stating: "Writ denied. We find no error."
*65 On July 27, 1995, the defendants again removed the case to federal court asserting that the federal court had exclusive subject matter jurisdiction. In an emergency hearing the following day, the federal court once again held that it had no subject matter jurisdiction in this proceeding and ordered the case remanded.
The matter was tried in state court on July 31, 1995 and August 1, 1995. The trial court rendered judgment in favor of LL & E and against the defendants, recognizing LL & E's right to possession of the property and ordering Wickliff Verdin to pay LL & E $9,240.00 in damages.
The defendants appeal that judgment asserting solely that the trial court lacked subject matter jurisdiction "over a possessory action filed against a group of persons who claim as a defense their status as an Indian Tribe entitled to aboriginal rights to the property at issue." LL & E contends the issue of subject matter jurisdiction was already decided by this court and is, therefore, law of the case.
The law of the case principle is a discretionary guide which relates to (a) the binding force of a trial judge's ruling during the later stages of trial, (b) the conclusive effects of appellate rulings at trial on remand, and (c) the rule that an appellate court ordinarily will not reconsider its own rulings of law on a subsequent appeal in the same case. Glenwood Hospital, Inc. v. Louisiana Hospital Service, Inc., 419 So.2d 1269 (La. App. 1 Cir.1982). It applies to all prior rulings or decisions of an appellate court or the supreme court in the same case, not merely those arising from the full appeal process. Brumfield v. Dyson, 418 So.2d 21 (La.App. 1 Cir.), writ denied, 422 So.2d 162 (La.1982). Reargument in the same case of a previously decided point will be barred where there is simply a doubt as to the correctness of the earlier ruling. However, the law of the case principle is not applied in cases of palpable error or where, if the law of the case were applied, manifest injustice would occur. Glenwood Hospital, Inc. v. Louisiana Hospital Service, Inc., 419 So.2d 1269 (La.App. 1 Cir.1982).
The reasons for the "law of the case" doctrine is to avoid relitigation of the same issue; to promote consistency of result in the same litigation; and to promote efficiency and fairness to both parties by affording a single opportunity for the argument and decision of the matter at issue. Day v. Campbell-Grosjean Roofing and Sheet Metal Corp., 260 La. 325, 256 So.2d 105 (1971).
When an appellate court considers arguments made in supervisory writ applications or responses to such applications, the court's disposition on the issue considered usually becomes the law of the case, foreclosing relitigation of that issue either at the trial court on remand or in the appellate court on a later appeal. Easton v. Chevron Indus., Inc., 602 So.2d 1032 (La.App. 4 Cir.), writ denied, 604 So.2d 1315 (La.1992). However, where a prior disposition is clearly erroneous and will create a grave injustice, it should be reconsidered. Dodson v. Community Blood Center of Louisiana, Inc., 633 So.2d 252 (La.App. 1 Cir.1993), writs denied, 93-3158, 93-3174 (La.3/18/94), 634 So.2d 850, 851. In the instant case, we find no such error. Therefore, our prior ruling that state court does have subject matter jurisdiction over this matter is law of the case and we will not review this issue on appeal.
In its petition, LL & E sought compensation for damages caused by both Sidney Verdin and Wickliff Verdin. The trial court found that both of these defendants had damaged LL & E's property, but declined to award compensation to LL & E for the damage caused by Sidney Verdin upon a finding that LL & E had not properly proved the extent of its damages with respect to this defendant. LL & E answered this appeal, seeking compensation for damages Sidney Verdin caused to its property. In its answer to the appeal, LL & E contends that the trial court erred by refusing to allow Kermit Coulon, an LL & E employee, to testify on the costs of having the damage caused by Sidney Verdin repaired. LL & E asserts that it should have been allowed to introduce its lay testimony on expected repair costs because that testimony was based on significant firsthand *66 experience with the same repairs and repair costs at nearby locations.
Generally, a witness not testifying as an expert may not give testimony in the form of opinions or inferences. This rule is subject to the limited exception of Louisiana Code of Evidence article 701 which provides that a lay witness may provide testimony in the form of opinions or inferences where those opinions or inferences are: (1) rationally based on the perception of the witness, and (2) helpful to a clear understanding of his testimony or the determination of a fact in issue.
In this case, Coulon has been employed by LL & E for fourteen years; in 1992 he became manager of the Houma office. As such, his responsibilities were to oversee all activities on LL & E's property. Coulon testified that, in the summer of 1992, he observed structures on two sites in Sections 27 and 28 of the property which were unauthorized. At one site, there was a butterfly net with a creosote piling across a breach in the earthen plug and a small camp. At the second site, there was a small wooden platform, an earthen plug on a location canal, a butterfly net, and a large creosote piling across the breach in the location canal. LL & E considered the circumstances of the second site to constitute a navigational hazard which required immediate action. Therefore, LL & E removed the piling, platform and net. It hired a contractor, Plaisaince Dragline and Dredging Company, to re-plug the dam. The cost of the contractor and the removal of the structure was $6,240.00. Subsequently, the contractor returned to the site to add soil to complete the process of plugging the dam at a cost of $3,000.00.
Coulon testified that the physical characteristics of both sites were basically the same and the material required to restore the sites would be the same. LL & E asserts that this testimony is admissible as, throughout his employment with LL & E, Coulon has dealt with repairing breaches and earthen plugs and installing earthen plugs. Additionally, he is responsible for the costs and expenses incurred in such an operation.
We find that both elements of Article 701 are present in this case. First, Coulon's testimony is rationally based on his perception. His experience and background over a period of fourteen years is reflected in his testimony describing his personal observations. Additionally, he personally handled the repair of the site two, a virtually identical site.
Once the trial court made the factual determination that Sidney Verdin was responsible for the cut at the first site, the only remaining factual issue was the assessment of damages. Coulon's extensive background with this type of repairs, his extensive knowledge of the two sites and his knowledge of the cost of repairing site two are certainly helpful in the determination of this factual issue. Therefore, we find the trial court abused its discretion in disallowing the "lay opinion" of Coulon. We will amend the judgment of the trial court to order Sidney Verdin to pay LL & E $9,240.00 for damages he caused to their property.
For the foregoing reasons, the judgment of the trial court is amended to include an award of $9,240.00 in favor of LL & E and against Sidney Verdin. In all other respects, the judgment of the trial court is affirmed. Costs are assessed against defendants.
AMENDED AND, AS AMENDED, AFFIRMED.