# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 09-1420


**BELLE-JAR MANAGEMENT, L.L.C.**

**VERSUS**

**PROCESS TECHS, L.L.C., ET AL.**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 109436-G
HONORABLE CHARLES LEE PORTER, DISTRICT JUDGE


**\*\*\*\*\*\*\*\*\*\***


### ULYSSES GENE THIBODEAUX
### CHIEF JUDGE


**\*\*\*\*\*\*\*\*\*\***


Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and Elizabeth A. Pickett, Judges.


                                  **AFFIRMED.**


**Charles Morris Rush**
**Rush, Rush & Calogero**
**202 Magnate Drive**
**Lafayette, LA 70508**
**Telephone: (337) 235-2425**
**COUNSEL FOR:**
      **Defendants/Appellants - Kram Management, L.L.C., Mark J. Kelly,**
      **and Process Techs, L.L.C.**


**Paul Nicholls DeBaillon**
**DeBaillon & Miley**
**P. O. Box 51387**
**Lafayette, LA 70502**
**Telephone: (337) 237-0598**
**COUNSEL FOR:**
      **Defendant/Appellee -Paul Nicholls DeBaillon, Liquidator**

**Lawrence Lee Lewis, III**
**Onebane Law Firm**
**P. O. Drawer 3507**
**Lafayette, LA 70502**
**Telephone:  (337) 237-2660**
**COUNSEL FOR:**
      **Plaintiff/Appellee - Belle-Jar Management, L.L.C.**

**THIBODEAUX, Chief Judge.**

Process Techs is a Louisiana limited liability company whose members are Kram Management, L.L.C. and Belle-Jar Management, L.L.C. The members agreed to liquidate and dissolve Process Techs, and the parties entered into a liquidation agreement. The Liquidation Agreement established the orderly winding down of Process Techs' ongoing business operations. Disputes arose during the liquidation regarding several ongoing projects. After reviewing the projects, the judicial liquidator discretionarily distributed the funds. Kram challenged the liquidator's distributions. The trial court approved the distributions recommended by the liquidator. Kram appealed. For the foregoing reasons, we affirm the judgment of the trial court.

## I.

## ISSUES

We must decide whether the trial court erred:

(1)    in finding that Kram failed to exhaust its remedies as provided in the Liquidation Agreement;

(2)    in denying Kram's objection to the proposed distribution of funds that a setoff is due from Belle-Jar for its failure to charge published rates on Job 1883; and,

(3)    in finding insufficient evidence to show that Belle-Jar usurped the installation of certain computers as part of Jobs 1865 and 1866.

## II.

## FACTS AND PROCEDURAL HISTORY

Kram and Belle-Jar agreed to dissolve Process Techs, a company they jointly owned. The parties entered into an Agreement and Plan for Liquidation of Process Techs. The Liquidation Agreement established an orderly process to end

Process Techs' business operations. All cash and receivables of the company were divided equally between each member. The Liquidation Agreement provided that Process Techs' ongoing projects would be assigned to each member, with Process Techs retaining the billing and receivables of those projects. The Agreement also provided that each member would invoice Process Techs at an hourly rate of $45.00 per hour for all labor necessary to complete the project assigned, and Process Techs would retain no less than a twenty percent profit.

Belle-Jar filed a Petition for Judicial Dissolution and Liquidation of Process Techs after it became apparent that the members of the company were unable to implement and complete the voluntary plan of liquidation and dissolution agreed to in the Liquidation Agreement. At that time, the liquidator possessed funds in the amount of $457,623.82, and only Belle-Jar and Kram had pending claims to the funds. Since Kram and Belle-Jar disagreed as to the payment of claims, the liquidator submitted a motion for proposed distribution of funds with the trial court. The motion sought to authorize the liquidator to distribute funds to the members in payment of claims each member had against Process Techs.

Pursuant to the terms of the Liquidation Agreement, Process Solutions, L.L.C., a company owned by Mark Kelly, the owner of Kram, completed the projects assigned to Kram under the Liquidation Agreement, and Failsafe Controls, L.L.C., a company owned by Kirk Robicheaux, the owner of Belle-Jar, completed the projects assigned to Belle-Jar under the Liquidation Agreement. Failsafe submitted to Process Techs invoices amounting to $52,517.00 for work performed by it, which the liquidator proposed to pay. Process Solutions submitted invoices to Process Techs in the amount of $18,293.77, which the liquidator also proposed to pay. The liquidator, based upon information submitted by the parties, determined that one

2

project assigned to Belle-Jar, Job 1883, failed to meet the twenty percent profit margin required by the Liquidation Agreement and had a deficit of $3,260.75, which was to be offset from any distributions payable to Belle-Jar. The liquidator also determined that four projects assigned to Kram failed to meet the twenty percent profit margin: Jobs 1989, 2022, 2013, and 2005. These jobs resulted in a deficit of $1,022.63, which the liquidator proposed to offset from any distributions payable to Kram. Belle-Jar agreed with the proposed distribution submitted by the liquidator, subject to a correction regarding the profitability it achieved on Job 1883. After reviewing updated information, Belle-Jar agreed that the job costs on the project were $103,231.29 and that the profit on the job was $8,370.24, which resulted in a deficiency of $12,276.02, rather than the offset of $3,260.75 proposed by the liquidator.

Kram opposed the distribution proposed by the liquidator, alleging that additional offsets should be charged against Belle-Jar. The trial court heard Kram's objections to the proposed distributions. The court approved the distributions recommended by the liquidator and rejected Kram's opposition to the proposed distributions, with the exception of an increase in the offset to Belle-Jar for Job 1883, an increase that Belle-Jar acknowledged and agreed to prior to the hearing. Kram subsequently filed this devolutive appeal from the trial court's judgment.

III.

**LAW AND DISCUSSION**

**Standard of Review**

We review the trial court's judgment for manifest error.

> [A] court of appeal may not set aside a trial court's
> or a jury's finding of fact in the absence of "manifest error"
> or unless it is "clearly wrong," and where there is a conflict

3

in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable.

*Rosell v. ESCO*, 549 So.2d 840, 844 (La.1989) (citations omitted).

## Alleged Failure to Charge "Published Rates"

Kram argues that the trial court erred in not ruling on Kram's objection to the proposed distribution based upon Belle-Jar's failure to charge "published rates" on Jobs 1954 and 1955. The trial court held that this objection was untimely and without merit as Kram failed to exhaust the remedy provided in Section 3.01(d) of the Liquidation Agreement.[1] Specifically, Kram failed to invoke the dispute resolution process regarding designation of a knowledgeable person to set rates and contest disputes involving invoices.

Kram asserts that the "law of the case" doctrine precludes the trial court from revisiting this issue since it previously ruled against Kram on this issue by denying Kram's Exception of Prematurity filed in response to the suit for judicial liquidation. Kram is mistaken. The doctrine of "law of the case" does not apply here. Law of the case is a discretionary principle which relates to (a) the binding force of a trial judge's ruling during the later stages of trial; (b) the conclusive effects of appellate rulings at trial on remand; and (c) the rule that an appellate court ordinarily will not reconsider its own rulings of law on a subsequent appeal in the same case. *Louisiana Land and Exploration Company v. Verdin*, 95-2629 (La.App. 1 Cir. 9/27/96); 681 So.2d 63, 65, *writ denied*, 96-2629 (La. 12/13/96); 692 So.2d 1067.

---

[1] Section 3.01(d) of the Liquidation Agreement required that all invoices submitted to Process Techs be mutually agreed upon by Kram and Belle-Jar and that any disputes regarding the invoice amount were to be resolved by Bernard Duhon selecting a knowledgeable person in the oilfield industry to determine the reasonableness of the rate to be paid by the company.

The law of the case doctrine promotes consistency and efficiency, and the doctrine avoids re-litigation of the same issues. *Id.*

Because the two issues considered by the trial court are separate and distinct, the law of the case doctrine does not apply. First, in response to Belle-Jar's petition seeking judicial dissolution and liquidation of Process Techs, Kram filed an exception of prematurity alleging that Belle-Jar failed to avail itself of Section 3.01(d) of the Liquidation Agreement. The trial court denied the Exception of Prematurity, as compliance with Section 3.01(d) of the Liquidation Agreement was not a prerequisite to a party filing a suit for judicial dissolution and liquidation as Kram alleged, but instead only applied to disputes involving invoices submitted for payment to Process Techs.

Second, Kram's objections with respect to Projects 1954 and 1955 relate to invoices submitted to Process Techs for payment, and, therefore, quite clearly fall within the provisions of Section 3.01(d).[2] Thus, because the two issues were separate and distinct, law of the case does not apply. We affirm the trial court's judgment that Kram failed to comply with the provisions of the Liquidation Agreement and was precluded from making the claim.

## Alleged Failure to Charge Setoff to Belle-Jar on Job 1883

Kram asserts that the trial court erred in denying Kram's contention that a setoff is due from Belle-Jar for its failure to charge published rates on Job 1883.

For the reasons we articulated in assessing Kram's first assignment of error, the trial court's judgment is correct. The parties never agreed to charge

---

[2]Kram also asserts that "published rates" should have been charged. The Liquidation Agreement, however, provides no requirement for a published rate, and we cannot infer a published rate, as Kram suggests.

published rates under the terms of the Liquidation Agreement, and Kram failed to avail itself of the remedy to dispute an invoice provided under Section 3.01(d).

Kram also asserts that $6,340.00 should be offset from any distribution to Belle-Jar on the basis that Kram was required to complete Job 1883 to satisfy the customer, at a cost of $6,340.00 to Process Solutions. Process Solutions is not a party to this action. Process Solutions neither intervened in this action, nor filed its own claim for its alleged costs incurred in completing Job 1883. Process Solutions' costs and claims are not this court's concern.

We find that the trial court's judgment regarding Job 1883 was not manifestly erroneous, and we affirm.

### Installation of Computers on Jobs 1865 and 1866

Kram also asserts that the trial court erred in finding that there was insufficient evidence that Belle-Jar usurped the installation of certain computers as part of Jobs 1865 and 1866, resulting in loss profits to Process Techs. We disagree. The trial court's judgment was not manifestly erroneous.

The parties presented testimony on both sides of the issue. Kram claimed that the work orders included installation language, but Robicheaux, testifying on behalf of Belle-Jar, testified that the installation language that was added to the work orders was not his handwriting. This issue presents a classic "he-said/she-said" situation, and the trial court was left to weigh the credibility of the witnesses and the evidence.

After hearing the disputed testimony and considering the disputed work orders, the trial court denied Kram's claim on this issue. In doing so, the court found that no reference to the scope of the projects in the Liquidation Agreement existed,

6

nor did the Agreement specify installation as part of the project assigned to Process Techs at the time of liquidation.

We find that ample evidence existed in the record to support the factual findings of the trial court, and we refuse to disturb the trial court's judgment on this issue.

IV.

**CONCLUSION**

For the foregoing reasons, we affirm the judgment of the trial court. Costs of this appeal are assessed against Process Techs, L.L.C., Kram Management, L.L.C., and Mark J. Kelly.

**AFFIRMED.**

7