PETTIGREW, J.
LThis matter is before us on appeal by defendant, Melissa Harris, from a judgment of the trial court confirming á default judgment in favor of plaintiff, Zelda Austin Pence, as administratrix on behalf of the estate of Elverine Franklin Austin (the decedent). For the reasons that follow, we sustain the prescription., exception filed with this court, vacate the- trial court’s May 15,. 2015 judgment, and remand for further proceedings.
FACTS AND PROCEDURAL HISTORY
The underlying litigation in this matter arises from the alleged breach of fiduciary duty, fraud, and conversions of funds belonging to the decedent by her daughter, Pamela Austin, who held the decedent’s power of attorney (POA). According to the petition filed by Mrs. Pence, Mrs. Austin obtained the POA from the decedent on February 18, ‘2009, and Mrs. Austin’s son and his wife, Todd and Melissa Harris, “were present and assisted [her] with getting [the - decedent] -into -the Notary’s office.” Furthermore, over the'next'several years, Mrs. Austin - withdrew over $418,000.00 from her mother’s account for *611 her own use and for the benefit of Todd and Melissa Harris. Mrs. Pence alleges claims of fraud, complicity in the fraud, and an invalid donation of property relating to a mobile home that Mrs. Austin purchased on March 23/2009, had registered in the- name of Todd and Melissa Harris, and subsequently placed on their property.
In her petition, Mrs. Pence sought judgment against Todd and Melissa Harris “in the amount of $424,758.40 plus judicial- interest thereon for their ■ complicity in the -fraud perpétuated against [the decedent] by [Mrs. Austin] as a- result of the [POA] obtained.”- In the alternative-, Mrs. Pence requested judgment “in the amount' of $97,834.64 plus judicial interest thereon for the purchase of the trailer placed in their names and the improvements made to their property with the funds of [the decedent.]” Mrs. Pence further demanded that the donation of the mobile home by Mrs. Austin to Todd and | «Melissa Harris be annulled and that they be ordered to return the mobile home or its value to the succession.[1]
On March 8, 2015, a preliminary default was entered against Mrs. Harris, who was unrepresented. On March 26, 2015, counsel for Mrs. Pence sent discovery to Mrs. Harris, who responded with answers to the Requests for Admission. Mrs. Harris denied knowing that the decedent was suffering from dementia. She further denied any knowledge that the decedent was unaware of her surroundings when she signed the POÁ. With regard to the purchase of the mobile home, Mrs. ¿arris admitted that Mrs. Austin purchased the mobile home, that she (Mrs. Harris) and Todd signed all the pertinent sale documents for the mobile home, that it was placed on their property after it was purchased, and that Mrs. Austin lived in the mobile home. Mrs. Harris also admitted that she knew the funds spent by Mrs. Austin were not her own, but rather belonged to the decedent. However, Mrs. Harris added that Mrs. Austin spent this money for the decedent’s personal care and medication and that Mrs. Pence was present on numerous occasions when checks were written. '
On May 14, 2015, counsel for Mrs. Pence appeared before the trial court and represented that shé was seeking to confirm a default judgment on a conventional obligation. At that point, the following evidence was introduced as support for the confirmation: (1) a copy of the service on Mrs. Harris showing that she was personally served with the memorandum in support of confirmation of default judgment; (2) all pertinent purchase documents for the mobile home; (3) copies of receipts evidencing the purchase of all improvements made to the mobile home; and (4) the .requests for admissions and Mrs. Harris’s answers to same. -There was no testimony offered, nor did the trial court ask any questions. Rather, the trial court simply stated, “The motion is granted. Judgment is ordered as prayed for.”
I/The trial court signed’a judgment on May 15, 2015, confirming the earlier preliminary default judgment and noting as follows: ’ “Plaintiff having produced proof of her demand and considering the pleadings, the evidence, the law, and Defendant, MELISSA HARRIS’S failure to make an *612 appearance or file an answer in the matter, for reasons this day orally assigned[.]” The judgment awarded the following relief: (1) nullification of the donation inter vivos of the mobile home to Mrs. Harris; (2) money judgment in the amount of $82,908.09, plus judicial interest, for the purchase price of the mobile home; (3) money judgment in the amount of $14,926.55, plus judicial interest, for improvements made to the mobile home and Mrs. Harris’s property with funds belonging to the decedent; (4) return of the mobile home and any other items given to Mrs. Harris by Mrs. Austin that were purchased with funds belonging to the decedent; and (5) court costs and attorney fees.
Mrs. Harris has appealed, assigning the following specifications of error:
1. The trial court manifestly erred in granting a default judgment where the plaintiff did not establish a prima facie case.
2. The trial court legally erred in granting a default judgment annulling a donation on grounds ’ of fraud without requiring the plaintiff to prove a prima facie case by clear and convincing evidence.
3. The trial court legally erred in rendering judgment for both the value of movable property and the return of the same property, thus awarding a double recovery.
4. The trial court legally erred in awarding attorney’s fees when there was no statutory basis for such an award.
Mrs. Harris also filed an exception raising the objection of prescription for the first time on appeal.
PRESCRIPTION
A party pleading prescription has the burden of proving facts to support the exception unless the petition is prescribed on its face. Cichirillo v. Avondale Industries, Inc., 2004-2894, p. 5 (La.11/29/05), 917 So.2d 424, 428. When the face of the petition reveals that plaintiffs claim has prescribed, the burden shifts to the plaintiff to demonstrate that prescription was suspended or interrupted. Kirby v. Field, 2004-1898, p. 6 (La.App. 1 Cir. 9/23/05), 923 So.2d 131, 135, uwrnit denied, 2005-2467 (La.3/24/06), 925 So.2d 1230. Evidence may be introduced to support or controvert any objection, pleaded, but in the .absence of evidence, an objection of prescription must be decided upon facts, alleged in the petition with all allegations accepted as true. La,Code Civ. P. art. 931; Cichirillo, 2004-2894 at 5, 917 So.2d at 428. Moreover, La.Code Civ. P. art. 934 states that “[w]hen the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court.” The article further provides, however, that if the grounds of the objection cannot be removed by amendment, the action shall be dismissed. Ramey v. DeCaire, 2003-1299, p. 9 (La.3/19/04), 869 So.2d 114, 119.
As set forth in La.Code Civ. P. art. 2163, “[t]he appellate court may consider the peremptory exception filed for the first time in that court, if pleaded prior to a submission of the case for á decision, and if proof of the ground of the exception appears of record.” However, jurisprudence is clear that the prescription exception, whether urged at trial or on appeal, must be presented in a formal pleading; it cannot be injected into the proceedings, by brief or oral argument. Eschete v. Gulf South Beverages, 442 So.2d 556, 562 (La. App. 1 Cir.1983).
Mrs. Harris separately filed a formal pleading with this court urging her prescription exception to the claims filed *613 against her by Mrs. Pence. -Mrs. Harris argues that there is no allegation of contractual privity between her and the decedent and that all claims are prescribed. Mrs. Harris argues that Mrs. Pence’s claim for damages filed on April 14, 2014, was filed five years after the acts of fraud that allegedly occurred on February 18, 2009, and March 23, 2009, and was therefore filed after the one-year prescriptive period for delictual actions provided in ‘La. Civ.Code art. 3492. See also Terrebonne v. Theriot, 94-1632, p. 7 (La.App. 1 Cir. 6/23/95), 657 So.2d 1358, 1362, writ denied, 95-2249 (La.11/27/95), 663 So.2d 743. With regard to Mrs. Pence’s demand to annul the donation of the mobile home, Mrs. Harris acknowledges that it could be characterized as an action for reduction of an excessive donation, which would be subject to a liberative prescription of five years. La. Civ.Code art. 3497. | Nonetheless, Mrs. Harris argues, this action would still be prescribed under Article 3497 as it was filed over five years after the donation was allegedly made.
Mrs. Pence responded to the prescription exception, arguing that this court should not consider Mrs. Harris’s exception because the same argument wás unsuccessfully argued in the trial court by Todd Harris, and subsequently denied under supervisory writ by this court. Mrs. Pence maintains that this is now the “law of the case” and that this court cannot reconsider its own rulings of law on a subsequent appeal in the same case.
The “law of the case” doctrine is a discretionary guide that relates to (a) the binding force of a trial judge’s ruling during the later stages of trial, (b) the conclusive effects of appellate rulings at trial on remand, and (c) the rule that an appellate court ordinarily will not reconsider its own rulings of law on a subsequent appeal in the same case. Louisiana Land and Exploration Co. v. Verdin, 95-2579, pp. 3-4 (La.App. 1 Cir. 9/27/96), 681 So.2d 63, 65, writ denied, 96-2629 (La.12/13/96), 692 So.2d.1067, cert. denied, 520 U.S. 1212, 117 S.Ct. 1696, 137 L.Ed.2d 822 (1997). It applies to all prior rulings or decisions of an appellate court or the supreme court in the, same case, not merely those arising from the full appeal process. Jones v. McDonald’s Corp., 97-2287, p. 4 (La.App. 1 Cir. 11/6/98), 723 So.2d 492, 494, citing Brumfield v. Dyson, 418 So.2d 21, 23 (La.App. 1 Cir.), writ denied, 422 So.2d 162 (La.1982). The reasons for the doctrine are to avoid re-litigation of the same issue, to promote consistency of result in the same litigation, and to promote efficiency and. fairness to the parties by affording a single opportunity for the argument and decision of the matter at issue. Louisiana Land and Exploration Co., 95-2579 at 4, 681 So.2d at 65. However, the doctrine applies only against those who were parties to the case when the earlier decision was rendered, and who thus have had their day in court. State, ex rel. Div. of Admin., Office of Risk Management v. National Union Fire Ins. Co. of Louisiana, 2013-0375, p. 9 (LaApp. 1 Cir. 1/8/14), 146 So.3d 556, 563 (emphasis added).
When an appellate court (or the supreme court) considers arguments made in supervisory writ applications or responses to such applications, -the court’s disposition 17on the issue considered usual-, ly becomes law of the case, foreclosing re-litigation of that issue either at the trial court on remand or in the appellate court on a later appeal. Spruell v. Dudley, 2006-0015, p. 5 (La.App. 1 Cir. 12/28/06), 951 So.2d 339, 342, writ denied, 2007-0196 (La.3/23/07), 951 So.2d 1106 (emphasis added), citing Louisiana Land and Exploration Co., 95-2579 at 4, 681 So.2d at 65. However, the denial of a writ application creates a different situation. A denial of *614 supervisory review is merely a decision not to exercise the extraordinary powers of supervisory jurisdiction, and does not bar reconsideration of, or a different conclusion on, the same question when an appeal is taken from a filial judgment. Cotton v. Gaylord Container, 96-1958, p. 5 (La.App. 1 Cir. 3/27/97), 691 So.2d 760, 763, writ denied, 97-0800 (La.4/8/97), 693 So.2d 147.
In the instant case, Todd Harris filed, among other exceptions, an exception raising the objection of prescription as to Mrs. Pence’s claims against him. In a judgment dated January 8, 2015; the trial court denied all of Todd Harris’s exceptions, and he' applied to this court for supervisory review. This court denied writs on July 7, 2015. See Pence v. Austin, 2015 CW 0321 (La.App. 1 Cir. 7/7/15) (unpublished writ action). Not only did this court decline to exercise its supervisory jurisdiction concerning the prescription exception raised by Todd Harris, but Mrs. Harris had nothing to do with the filing of that exception and has not had her day in court. Thus, Mrs. Pence’s argument that the “law of the cáse” doctrine operates to preclude us from considering Mrs. Harris’s prescription exception, filed for the first time on appeal, is without merit.
We have considered the petition and the record evidence and conclude that this was not a demand based on a conventional obligation, but rather a demand based on a delictual obligation. Thus, we agree with Mrs. Harris that on the face of the petition, Mrs. Pence’s claims have prescribed under the one-year prescriptive period provided by Article 3492 and the five-year prescriptive period of Article 3497. However, as set' forth in Article 934, we order the' matter remanded to allow Mrs. Pence an opportunity to |samend her petition, if she is- able to do so, to remove the grounds of the objection of prescription as to her claims.
CONFIRMATION OF THE DEFAULT
Confirmation of a preliminary default judgment is similar to a trial with the defendant being absent. The plaintiff is required to present admissible and competent evidence establishing a prima facie case, proving both the existence and the validity of the claim as though the defendant denied each allegation of the petition, La.Code Civ. P, art. 1702(A); Arias v. Stolthaven New Orleans, L.L.C., 2008-1111, p. 7 (La.5/5/09), 9 So.3d 815, 820; Northshore Regional Medical Center, L.L.C. v. Dill, 2012-0850, p. 7 (La.App. 1 Cir. 3/22/13), 115 So.3d 475, 480, writ denied, 2013-0866 (La.5/31/13), 118 So.3d 396. Simply stated, in order to confirm a default, “the plaintiff must presént competent evidence that convinces thé court that it is probable that he would prevail at trial on the merits." Arias, 2008-1111 at 7, 9 So.3d at 820. In doing so, the plaintiff must adhere to the. rules of evidence despite there being no opponent to urge objections. Arias, 2008-1111 at 8, 9 So.3d at 820.
In the instant case, the trial court erroneously allowed counsel for Mrs. Pence to present evidence at the confirmation hearing based on what she argued was an action based on a conventional obligation, thus requiring only affidavits and exhibits containing facts sufficient to establish a prima facie case. See LaCode Civ. P. art. 1702(B)(1). The trial court permitted counsel to introduce several exhibits into evidence and subsequently confirmed the default judgment as prayed for, without hearing any testimony. However, as we have previously stated, we find that Mrs. Pence’s demand was not an action based on a conventional obligation, but rather an action based on a delictual obligation. Article 1702(B)(2) provides as follows with *615 regard to a demand based on a delictual obligation:
When a demand is based upon a delic-tual obligation, the testimony of the plaintiff with corroborating evidence, which may be by affidavits and exhibits annexed thereto which contain facts sufi .ficient to establish a prima,.facie case, shall be admissible, self-authenticating, and sufficient proof of such demand. The court may, under the-circumstances of the case, require additional evidence in the form of oral testimony before entering judgment.
| ¡^Accordingly, because the evidence introduced at the hearing on the confirmation of the default was insufficient for confirmation, we vacate the.trial court’s May 15, 2015 judgment confirming the default judgment against Mrs. Harris. If Mrs, Pence is able to successfully amend her petition to remove the grounds of the objection of prescription as to her claims, the trial court shall proceed with another confirmation hearing or trial on the merits, if appropriate. If, however, Mrs. Pence is unable to remove the grounds of the objection by amendment, the trial court shall dismiss Mrs. Pence’s claims against Mrs'. Harris as prescribed.
CONCLUSION
For the above and foregoing reasons, we vacate the trial court’s May 15, 2015 judgment. We sustain Mrs. Harris’s exception raising the objection of' prescription and remand the matter with instructions to permit an amendment of Mrs. Pence’s petition in accordance with the views expressed herein. Mrs. Pence is given thirty days from the date of the finality of this judgment to amend her petition. If she fails to amend her petition within the prescribed time, the trial court shall dismiss her claims against Mrs. Harris. All costs associated with this appeal are assessed against plaintiff, Zelda Austin Pence, as administratrix on behalf of the estate of Elverine Franklin Austin.
MAY 15, 2015 JUDGMENT VACATED; PRESCRIPTION EXCEPTION SUSTAINED; REMANDED.
CRAIN, J., concurs and assigns reasons.

. According to'the record, summary judgment was granted in favor of - Mrs. Pence and against Mrs. Austin on April 28, 2015, ordering, among other things, the return of the ' mobile home to the decedent’s succession and the nullity of the donation of the mobile home from Mrs. Austin to Todd and Melissa Harris. This judgment was not appealed and is final. At this time, the status of the claims against Todd Harris is unclear from the record before us.