STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2018 CA 1491

TREVA A. ORY

VERSUS

LEE M. RUSSELL, AMANDA N. RUSSELL, AND
VERSATILE FAB, LLC

Judgment Rendered: **NOV 1 2 2019**

* * * * * * *

On Appeal from the 19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Trial Court Number 643375

Honorable Donald R. Johnson, Judge Presiding

* * * * * * *

Floyd J. Falcon, Jr.
Baton Rouge, Louisiana

Attorney for Plaintiff/Appellant,
Treva A. Ory

Brian J. Prendergast
Baton Rouge, Louisiana

Attorney for Defendant/Appellee,
Amanda N. Russell

Lee M. Russell
Zachary, Louisiana

Defendant/Appellee
In Proper Person

* * * * * * *

**BEFORE: GUIDRY, HIGGINBOTHAM, THERIOT,
CHUTZ, AND PENZATO, JJ.**

*ahp* Penzato, J., agrees in part, dissents
in part and assigns reasons

TMH Higginbotham, J. agrees in part, dissents in
part for reasons assigned by J. Penzato

**GUIDRY, J.**

Plaintiff, Treva A. Ory, appeals a judgment in favor of defendant, Amanda N. Russell, denying and dismissing her claims. For the reasons set forth below, we affirm in part, reverse in part, and render.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Treva Ory is the mother of Lee Russell. Lee Russell married Amanda Russell on July 7, 2007. In January 2008, the Russells acquired 12.7 acres of land for the purpose of building a home. The property was encumbered with a mortgage. Ms. Ory offered to loan the Russells the funds to build the house and pay off the existing mortgage. Upon completion of the home, the Russells secured a mortgage on the home and re-paid Ms. Ory a portion of the money that they had borrowed from her. Amanda Russell filed for divorce on February 28, 2014, and the couple divorced in 2015.

Lee Russell is the sole member of Versatile Fab, LLC ("Versatile Fab"), which was formed in September 2006, prior to his marriage to Amanda Russell. The parties agree that Versatile Fab is Lee Russell's separate property. Versatile Fab is a limited liability company with its own bank account. In addition to the funds that Ms. Ory testified were loaned for the construction of the home, during the same time period, Ms. Ory loaned money to Versatile Fab for the purchase of a tractor, a truck, and other expenses.

On October 27, 2015, Ms. Ory filed suit for the balance of the funds loaned to the Russells and Versatile Fab. In her petition, Ms. Ory alleged that the balance due from the Russells in connection with the construction of their family home was $101,631.57 and that the Russells had continuously acknowledged that the balance was due and payable. The petition alleged that the balance due from Versatile Fab was $97,400.00 and that during his marriage, Lee Russell personally guaranteed the debt.

2

Amanda Russell answered the petition, asserting that the balance due on the construction loan was $41,631.50. She further averred that the petition did not state a cause of action against her with regard to the loan to Versatile Fab as she is not a member of the limited liability company. Lee Russell, personally and on behalf of Versatile Fab, admitted the allegations of the petition.

A bench trial was held on September 7, 2017, and February 2, 2018. In his opening remarks, counsel for Amanda Russell argued that more than three years had passed since any repayment of the construction loan, and therefore, the action was prescribed pursuant to La. C.C. art. 3494.[1] Following the conclusion of Ms. Ory's case, counsel for Amanda Russell moved for an involuntary dismissal,[2] again arguing that Ms. Ory's action for the balance of $101,631.57 due on the construction loan was prescribed and that Ms. Ory failed to prove that prescription was interrupted as to Amanda Russell. The trial court took the motion for involuntary dismissal under advisement, and Amanda Russell proceeded with her defense. At the conclusion of the testimony, the trial court took the entire matter under advisement, and on March 8, 2018, signed a judgment that provided as follows:

> IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that, in light of this Court's finding that Versatile Fab, LLC is the separate property of Defendant, Lee M. Russell, there be Judgment in favor of Plaintiff, Treva A. Ory, and against Defendant, Versatile Fab, LLC, and Defendant, Lee M. Russell, in solido, in the full and true sum of Ninety-Seven Thousand Four Hundred ($97,400.00) Dollars, together with legal interest from date of judicial demand until paid.
>
> IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that there be Judgment in favor of Defendant, Amanda N. Russell,

---

[1] Louisiana Civil Code article 3494 provides that an action on money lent is subject to a liberative prescription of three years.

[2] Louisiana Code of Civil Procedure article 1672(B) provides that in an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has shown no right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence.

denying and dismissing the claims of Treva A. Ory, pursuant to LSA-C.C.P. Art. 1672. This Court finds that Plaintiff's cause of action against Defendant, Amanda N. Russell has prescribed and that Plaintiff has not carried her burden of proof to show that there has been acknowledgment of the debt of One Hundred and One Thousand Six Hundred Thirty-One Dollars and Fifty-Seven Cents ($101,631.57) by Defendant Amanda N. Russell since 2011 as to interrupt prescription.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that there be Judgment in favor of Plaintiff, Treva A. Ory and against Lee M. Russell, individually, in the full and true sum of One Hundred and One Thousand Six Hundred Thirty-One Dollars and Fifty-Seven Cents ($101,631.57), together with legal interest from date of judicial demand until paid. This Court finds that Plaintiff has carried her burden of proof to show, by way of the Defendant Lee M. Russell's own testimony that he has acknowledged the debt as to interrupt prescription.

Ms. Ory filed a motion for new trial as to the portions of the judgment that dismissed her claims against Amanda Russell, which the trial court denied in a judgment signed April 27, 2018. This appeal followed.[3]

## ASSIGNMENTS OF ERROR

Ms. Ory urges the following assignments of error:

(1) The Trial Court erred in failing to recognize that the $101,631.57 balance owed to Treva Ory on the home construction loan was a community obligation of Lee M. Russell and Amanda N. Russell and thus the [Russells] were solidary obligors.

(2) The Trial Court erred in finding that Treva Ory did not prove that Amanda N. Russell repeatedly acknowledged owing the balance of $101,63[1].57 loaned for the construction of the [Russells'] community home.

(3) The Trial Court erred in finding that the $97,400.00 debt owed to Treva Ory was solely the obligation of Versatile Fab, L.L.C. and Lee M. Russell where the evidence established that sum was loaned for the benefit of the [Russells'] community and was used to pay community living expenses that were personally guaranteed by Lee M. Russell during the existence of the [Russells'] community and thus the [Russells] were also solidarily liable for this loan.

(4) The Trial Court erred in failing to apply [La. C.C. arts.] 1799 and 3503 which establish that interruption of prescription by one solidary obligor interrupts as to all solidary obligors.

---

[3] Neither Lee Russell nor Versatile Fab appealed.

4

## LAW AND DISCUSSION

A legal error occurs when a trial court applies incorrect principles of law and such errors are prejudicial. Legal errors are prejudicial when they materially affect the outcome and deprive a party of substantial rights. *Evans v. Lungrin*, 97-0541 (La. 2/6/98), 708 So. 2d 731, 735. When such a prejudicial error of law skews the trial court's finding of a material issue of fact and causes it to pretermit other issues, the appellate court is required, if it can, to render judgment on the record by applying the correct law and determining the essential material facts *de novo. Id.*

**Prescription** (Assignment of Error Number 4)

The trial court found that the balance due from the Russells in connection with the construction of their family home was $101,631.57. (R 20) The trial court further found that Lee Russell acknowledged the debt so as to interrupt prescription as to him, but that Ms. Ory failed to carry her burden of proof that Amanda Russell acknowledged the debt, concluding that Ms. Ory's cause of action against Amanda Russell in connection with the home construction loan had prescribed. However, a thorough review of the record reveals that no peremptory exception raising the objection of prescription was filed on behalf of any party. The objection of prescription is a peremptory exception and must be specially pleaded. La. C.C.P. art. 927. Jurisprudence is clear that the prescription exception, whether urged at trial or on appeal, must be presented in a formal pleading; it cannot be injected into the proceedings by brief or oral argument. *Pence v. Austin*, 2015-1371 (La. App. 1 Cir. 2/26/16), 191 So. 3d 608, 612. Thus, it was legal error for the trial court to find that Ms. Ory's cause of action against Amanda Russell had prescribed in the absence of an exception of prescription being presented in a formal pleading. See *Benedetto v. Benedetto*, 2015-373 (La. App. 5 Cir. 12/9/15), 182 So. 3d 344, 351; *Moore v. City of Monroe*, 49,207 (La. App. 2 Cir. 8/13/14), 147 So. 3d 288, 294-95, writ denied, 2014-1935 (La. 11/21/14), 160 So. 3d 973.

Accordingly, we review the evidence *de novo* to determine whether judgment can be rendered based on the record.

**Home Construction Loan** (Assignments of Error Numbers 1 and 2)

Ms. Ory testified that in 2009, she agreed to assist the Russells in building a home on a tract of land that they had purchased in 2008. On November 30, 2009, Ms. Ory directly paid $88,839.23 to First Bank and Trust to pay off the Russells' loan on the tract of land. On January 25, 2010, a construction account was opened in the names of Lee Russell, Amanda Russell, and Treva Ory. The parties do not dispute that between January 25, 2010, and June 6, 2011, Ms. Ory deposited $210,880.00 into the construction account and that the money was a loan for the construction of the Russell home. In addition, and also not in dispute, Ms. Ory directly paid the Russells' bill of $4,514.07 to Home Depot.

In addition to the above amounts, Ms. Ory testified that on November 19, 2009, she loaned the Russells $50,000.00 in connection with the construction of their home in the form of a cashier's check made payable to Versatile Fab. According to Ms. Ory, the check was made payable to Versatile Fab because that was the only checking account that the Russells had at that time. Lee Russell testified that the Versatile Fab account was the only account the parties had in November 2009, and that the $50,000.00 was used to clear the land, rent equipment, pay workers, acquire driveway dirt, gravel, and sea cans for storage, and dig a water well. Amanda Russell acknowledged that prior to opening the construction account on January 25, 2010, work was done in connection with construction of the house, including drafting house plans, soil testing, and construction of the driveway. However, she disputed that the $50,000.00 cashier's check was loaned for construction of the home because the check was issued before the construction account was opened, and she was not aware of what the money was used for.

6

The Russells secured a permanent loan on the constructed home in August 2011. From the proceeds of that loan, they paid Ms. Ory $252,601.73 for the money she loaned them to construct their home. Ms. Ory contends that the balance due to her in connection with the money she loaned to the Russells to construct the community home is $101,631.57. Amanda Russell asserts that the balance due to Ms. Ory is $41,631.50.

A Louisiana limited liability company is a separate legal entity from its members. *Charming Charlie, Inc. v. Perkins Rowe Associates, L.L.C.*, 2011-2254 (La. App. 1 Cir. 7/10/12), 97 So. 3d 595, 598. The fact that the $50,000.00 check was made payable to Versatile Fab and deposited into the LLC account has legal consequences, i.e., the debt was incurred by the company, not Lee Russell. The parties agree that Amanda Russell has no interest in Versatile Fab.

After a thorough review of the record before us, we find that Ms. Ory is entitled to judgment against Amanda Russell, in solido with Lee Russell, in the amount of $51,631.57.[4] The remaining balance of $50,000.00 loaned by Ms. Ory was a loan made to Versatile Fab, and acknowledged by Lee Russell. Therefore, with respect to the alleged construction loan, we find that Ms. Ory is entitled to judgment against Versatile Fab and Lee Russell, in solido, in the amount of $50,000.00.

---

[4] As previously stated, Ms. Ory disbursed the following amounts in connection with the construction of the Russells' home: $88,839.23 to pay off the Russells' land loan; $210,880.00 placed in a construction account; $4,514.07 to pay off the Russells' Home Depot bill; and $50,000.00 in a cashier's check made payable to Versatile Fab. The grand total of the amounts disbursed by Ms. Ory was $354,233.30, of which the Russells re-paid Ms. Ory $252,601.73, leaving a balance of $101,631.57.

**$101,500.00 Loan to Versatile Fab** (Assignment of Error Number 3)

Ms. Ory testified that between 2009 and 2012, she loaned $101,500.00 by depositing funds into the Versatile Fab account. There was no dispute that the balance owed on the loan to Versatile Fab is $97,400.00. Ms. Ory testified that the Russells personally guaranteed the funds loaned to Versatile Fab, which were for their personal living expenses. Lee Russell acknowledged that he personally guaranteed payment of the loans made to Versatile Fab. Amanda Russell denied that she personally guaranteed Versatile Fab's debts, but had no evidence to dispute Lee Russell's testimony that during the marriage, he personally guaranteed the repayment of money loaned by Ms. Ory.

The trial court rendered judgment in favor of Ms. Ory and against Versatile Fab and Lee Russell, in solido, in the amount of $97,400.00. Ms. Ory concedes that the money was loaned to Versatile Fab, but argues that depositing the funds into the Versatile Fab account "is of no moment." (Appellant brief p. 14) She argues that Amanda Russell should be liable for the debt because Lee Russell guaranteed the loan during the existence of the marriage for the benefit of the community. Ms. Ory contends that pursuant to La. C.C. art. 2360,[5] the obligation incurred by Lee Russell, through his actions of personally guaranteeing the loan to Versatile Fab during the existence of the community property regime and using the money for community interests, converted the Versatile Fab debt into a community obligation for which Amanda Russell is liable. Ms. Ory further argues that because the obligation was incurred by Lee Russell during the existence of the community property regime, the obligation is presumed to be a community obligation. See La. C.C. art. 2361.

In accordance with our discussions above regarding the legal consequences

---

[5] Louisiana Civil Code article 2360 provides that an obligation incurred by a spouse during the existence of a community property regime for the common interest of the spouses or for the interest of the other spouse is a community obligation.

8

of a loan to Versatile Fab, an LLC which is a separate legal entity, we further find the $97,400.00 loan was a debt incurred by the company, not Lee Russell. Again, the parties agree that Amanda Russell has no interest in Versatile Fab. Moreover, the contract of guaranty is equivalent to a contract of suretyship, which must be express and in writing. La. C.C. art. 3038; *Regions Bank v. Louisiana Pipe & Steel Fabricators, LLC*, 2011-0839 (La. App. 1 Cir. 12/21/11), 80 So. 3d 1209, 1212. There was no evidence presented of a written contract of guaranty. Therefore, any personal guarantee or acknowledgment of the debt by Lee Russell did not create an obligation for which Amanda Russell is liable. See *Raspanti v. Litchfield*, 2005-1512 (La. App. 4 Cir. 11/21/06), 946 So. 2d 234, 240, writ denied, 2007-0367 (La. 4/27/07), 955 So. 2d 685. Thus, the trial court did not err in concluding that Amanda Russell had no liability for the $97,400.00 loan to Versatile Fab.

## CONCLUSION

For the above and foregoing reasons, the March 8, 2018 judgment of the trial court is affirmed in part and reversed in part. The judgment in favor of Amanda Russell denying and dismissing Ms. Ory's claim as to the $97,400.00 loan to Versatile Fab is affirmed. The judgment in favor of Amanda Russell denying and dismissing Ms. Ory's claim as to the balance of $101,631.57 loaned for the construction of the Russells' home, pursuant to the trial court's La. C.C.P. art. 1672 finding of prescription, is reversed in part, and judgment is rendered in favor of Ms. Ory and against Amanda Russell, in solido with Lee Russell, in the amount of $51,631.57, and in favor of Ms. Ory against Lee Russell and Versatile Fab, LLC, in solido, in the amount of $50,000.00. Costs of this appeal are assessed equally against Treva A. Ory and Amanda N. Russell.

**AFFIRMED IN PART; REVERSED IN PART; AND RENDERED.**

STATE OF LOUISIANA
COURT OF APPEAL
FIRST CIRCUIT
2018 CA 1491

TREVA A. ORY

VERSUS

LEE M. RUSSELL, AMANDA N. RUSSELL, AND
VERSATILE FAB, LLC



PENZATO, J., dissenting in part.

I respectfully dissent in part from the majority opinion. As the majority recognizes, the trial court found that the balance due from the Russells in connection with the construction of their family home was $101,631.57. Because this factual finding was not affected by the trial court's error in finding that Ms. Ory's cause of action against Amanda Russell had prescribed, a manifest error standard of review is appropriate in evaluating the trial court's finding that the balance due in connection with the home construction loan was $101,631.57. See *Lam ex rel. Lam v. State Farm Mut. Auto. Ins. Co.*, 2005-1139 (La. 11/29/06), 946 So. 2d 133, 135-36. Under the manifest error standard of review, a reviewing court may not merely decide if it would have found the facts of the case differently. *Hayes Fund for First United Methodist Church of Welsh, LLC v. Kerr-McGee Rocky Mountain, LLC*, 2014-2592 (La. 12/8/15), 193 So.3d 1110, 1115. Rather, to reverse a trial court's factual conclusion, the appellate court must satisfy a two-step process based on the record as a whole: there must be no reasonable factual basis for the trial court's conclusion, and the finding must be clearly wrong. *Stobart v. State, Department of Transportation and Development*, 617 So.2d 880, 882 (La.1993). Reasonable evaluations of credibility and inferences of fact should not be disturbed, even if the appellate court feels that its own evaluations and

inferences are as reasonable. *Bouchon v. Walkenford*, 2016-1232 (La. App. 1 Cir. 4/20/17), 218 So. 3d 1100, 1103-04.

The majority opinion concludes that because the $50,000.00 cashier's check was made payable to Versatile Fab, the debt was incurred by the company, not the Russells. However, Ms. Ory testified that while made payable to Versatile Fab, those funds were **loaned to the Russells** and used by them in connection with the construction of their home.[1] This testimony was corroborated by Lee Russell who testified that the $50,000.00 was used to clear the land, rent equipment, pay workers, acquire driveway dirt, gravel, and sea cans for storage, and dig a water well. Amanda Russell admitted that work was performed in connection with construction of the house prior to the opening of the construction account, including drafting house plans, soil testing, and construction of the driveway, and she failed to identify any other source of funding for this work.

Based upon the evidence presented, the trial court could have reasonably concluded that Ms. Ory loaned the $50,000.00 at issue to the Russells, not Versatile Fab. The trial court's finding that the balance due on the loan from Ms. Ory for the construction of the Russells home was $101,631.57 is not manifestly erroneous or clearly wrong. Thus, I would render judgment in favor of Ms. Ory and against Amanda Russell, in solido with Lee Russell, in the amount of $101,631.57. I agree with the majority opinion in all other respects.

---

[1] In contrast, Ms. Ory conceded that she loaned additional funds **to Versatile Fab** by depositing funds into the Versatile Fab account. I agree with the majority opinion that Amanda Russell is not liable for the balance of $97,400.00 on the loan made to Versatile Fab.