STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2019 CA 1637

BRANDON WADE HIRSTIUS

VERSUS

CLECO CORPORATION,
BELLSOUTH TELECOMMUNICATIONS, L.L.C.,
CHARTER COMMUNICATIONS, L.L.C.

Judgment Rendered: **JUN 0 4 2021**

* * * * *

On Appeal from the
22nd Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
Trial Court No. 2013-12105

Honorable William J. Knight, Judge Presiding

* * * * *

| | |
|---|---|
| Brandon Wade Hirstius<br>Lacombe, LA | Plaintiff-Appellant,<br>In Proper Person |
| Daniel A. Webb<br>Laken N. Davis<br>New Orleans, LA | Attorneys for Defendant-Appellee,<br>Renaissance Media, L.L.C. |

* * * * *

BEFORE: CHUTZ, LANIER, AND HESTER, JJ.

**HESTER, J.**

This is a trespass action that has been before this court numerous times involving various parties and issues. The lengthy procedural history will not be repeated in this opinion.

## BACKGROUND

Pertinent to this appeal, Brandon Wade Hirstius appeals a May 8, 2019 judgment rendered in his favor against Renaissance Media, L.L.C.[1], awarding Hirstius $12,800.00 in damages for Renaissance's contempt of court. In a previous judgment rendered on July 16, 2018, the trial court ordered Renaissance to remove its cable equipment from the utility pole, including two guy wires, anchors, and cable, on Hirstius's property within 30 days of the judgment. On April 29, 2019, Renaissance removed the aerial cable and everything it owned from the utility pole. The guy wires and anchors were not removed from the utility pole because Renaissance did not own that particular equipment. Hirstius assigns error to the trial court's failure to require Renaissance to remove all of its equipment affecting Hirstius's property after holding Renaissance in contempt on May 8, 2019. Renaissance maintains that it has removed all items that it owns from Hirstius's property and it has paid all court-ordered contempt damages. Renaissance argues that it cannot remove the remaining utility pole and supporting guy wires/anchors because that equipment is owned by Cleco Corporation and bears equipment numbers that verify that Cleco is the owner of the guy wires and anchors. Hirstius counters that the trial court failed to hear all of the evidence concerning ownership of the pole, guy wires, and anchors.

---

[1] In his original petition, Hirstius incorrectly named Charter Communications, L.L.C. as defendant, but Renaissance answered the suit stating that it was the proper party defendant. Subsequently, Hirstius amended the suit to name Renaissance. All other defendants have settled Hirstius's claims, been cast in judgment, or dismissed in separate proceedings that are not relevant to this particular appeal.

## LAW AND ANALYSIS

A contempt of court is any act or omission tending to obstruct or interfere with the orderly administration of justice, or to impair the dignity of the court or respect for its authority. La. Code Civ. P. art. 221. The trial court is vested with great discretion in determining whether a party should be held in contempt for disobeying the court's orders and its decision will only be reversed when the appellate court discerns an abuse of that discretion. **de Nunez v. Bartels**, 97-1384 (La. App. 1st Cir. 9/9/98), 727 So.2d 463, 469-70. A finding that a party is in contempt for refusing to obey the orders of a court is not intended to benefit the litigant alleging contempt, although the infliction of a punishment may inure to that party's benefit. The object of a contempt finding is to vindicate the dignity of the court. **Id.** at 470.

The trial court issued reasons for the contempt judgment, finding that while Renaissance had complied with the order to remove the equipment it owned from Hirstius's property, Renaissance failed to remove the equipment as ordered within 30 days of the July 2018 judgment. The trial court found the almost nine-month delay in complying with the judgment was inexcusable. For that reason, the trial court found it justifiable to award damages to Hirstius in the amount of $50.00 per day for the delay, which totaled $12,800.00.

Hirstius asserts that the trial court should have also ordered the removal of the remainder of the equipment (the two guy wires and anchors) from his property. In its reasons for judgment, the trial court recognized that, despite the July 16, 2018 judgment, removal of the guy wires and anchors was not a viable option because the guy wires and anchors were not owned by Renaissance. In a previous appeal in this case, **Hirstius v. Cleco Corp.**, 2014-1457 (La. App. 1st Cir. 6/5/15), 2015 WL 3547043, **4-5 (unpublished), writ denied, 2015-1282 (La. 9/25/15), 178 So.3d 571, this court affirmed the trial court's determination that Cleco is the owner of the utility pole in question, and has the right to maintain the utility pole, including its

3

attached facilities (which plainly included the guy wires and anchors supporting the pole), at its present location on Hirstius's property. This finding constituted the law of the case in this matter at the time of the July 2018 judgment. See **Louisiana Land and Exploration Co. v. Verdin**, 95-2579 (La. App. 1st Cir. 9/27/96), 681 So.2d 63, 65, writ denied, 96-2629 (La. 12/13/96), 692 So.2d 1067, cert. denied, 520 U.S. 1212, 117 S.Ct. 1696, 137 L.Ed.2d 822 (1997). The trial court did not err in implicitly taking judicial notice of this fact in finding Renaissance could not remove the guy wires and anchors that it did not own. Thus, we find no abuse of discretion in the trial court's ruling ordering that Renaissance pay contempt damages to Hirstius but not further ordering the removal of the guy wires and anchors that support the pole.

## CONCLUSION

For the stated reasons, we affirm the judgment of the trial court in all respects. The costs of this appeal are to be divided equally by Renaissance Media, L.L.C. and Brandon Wade Hirstius.[2]

**AFFIRMED.**

---

[2] Hirstius has been granted pauper status. Although not liable for the advancement of costs as they accrue, an indigent party may ultimately be responsible for the cost of an unsuccessful lawsuit. **Cariere v. The Kroger Store**, 52,846 (La. App. 2d Cir. 8/14/19), 276 So.3d 1150, 1154, writ denied, 2019-01471 (La. 11/12/19), 282 So.3d 224. Louisiana Code of Civil Procedure article 5186 mandates that in a pauper case, costs are to be paid by the party against whom judgment is rendered. While Hirstius did not prevail on appeal, he did prevail on his contempt motion at the trial court. Therefore, we find it equitable to assess the appellate costs equally between Renaissance, the party in contempt of the trial court, and Hirstius, who was unsuccessful on appeal.