# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 15-653

**BILLEDEAUX HEARING CENTER, L.L.C.**

**VERSUS**

**KATIE URBAN-KINGSTON**

**\*\*\*\*\*\*\*\*\***
## APPEAL FROM THE
## FIFTEENTH JUDICIAL DISTRICT COURT
## PARISH OF LAFAYETTE, DOCKET NO. 2015-0726L
## HONORABLE MARILYN C. CASTLE, PRESIDING
**\*\*\*\*\*\*\*\*\***

## SYLVIA R. COOKS
## JUDGE

**\*\*\*\*\*\*\*\*\***

Court composed of Sylvia R. Cooks, Jimmie C. Peters and Marc T. Amy, Judges.

**AFFIRMED.**

**"PETERS, J., would increase the attorney fee award for work performed on appeal from $750.00 to $2,500.00."**

Robert N. Aguiluz
8702 Jefferson Highway, Suite B
Baton Rouge, LA 70809
(225) 952-2005
**ATTORNEY FOR APPELLANT:**
**Katie Urban-Kingston**

Kevin S. Frederick
Frederick Law Firm
P.O. Box 52880
Lafayette, LA 70505
(337) 269-5143
**ATTORNEY FOR APPELLEE:**
**Billedeaux Hearing Center, LLC**

**COOKS, Judge**

Billedeaux Hearing Center, LLC (Billedeaux) and Katie Urban-Kingston (Katie) entered into an employment agreement dated May 19, 2014, which contained a "Confidentiality/Nonuse/Noncompetition/Nonsolicitation" clause. The agreement also contained a severability clause and provided for recovery of attorney fees and costs in the event the employer had to seek judicial enforcement of the contractual provisions. The contract defined the specific areas of Louisiana, Arkansas, Texas and Mississippi which are covered by the agreement. Billedeaux filed a Motion for a Temporary Restraining Order seeking to enjoin Katie from engaging in employment for a competitor in two parishes in Louisiana prohibited in the agreement.

The trial court issued a Temporary Restraining Order (TRO) on February 13, 2015, without bond, directing Katie:

> [T]o refrain from carrying on or engaging in a business similar to Billedeaux Hearing Center, LLC, including but not limited to her employment or business relationship with Williamson Hearing Center, or any other business engaged in marketing, selling, testing for, fitting, manufacturing, adjusting, cleaning, repairing, and servicing hearing aids/instruments and providing related patient/customer services within [the listed Louisiana parishes] ….

The TRO also set a show-cause hearing for March 2, 2015, concerning the issuance of a preliminary injunction and award of attorney's fees and costs.

The trial court held a hearing on the appointed date. The parties stipulated to the following facts: 1) Katie received training from Billedeaux and had access to its materials while employed there; 2) Katie was employed by Williamson Hearing Center (Williamson) at the time of the hearing; 3) Williamson is in direct competition with Billedeaux in Baton Rouge, East Baton Rouge Parish and Denham Springs, Livingston Parish, Louisiana. Katie asserted as her defense to

the issuance of a preliminary injunction that the non-compete agreement was overly-broad. The trial court noted that the only issue before the court was whether Billedeaux and Williamson were in competition in the two parishes in which Katie was employed at the time. Noting that the parties had already stipulated to those facts, the trial court rejected Katie's assertions and found the non-compete clause of the agreement valid. The trial court rendered judgment in open court on March 2, 2015, in favor of Billedeaux and issued a preliminary injunction against Katie affecting East Baton Rouge and Livingston Parishes, Louisiana and awarded Billedeaux attorney's fees in the amount of $6,056.30, based on the evidence presented. All costs were assessed against Katie. She did not file a motion for new trial nor did she appeal the ruling granting the preliminary injunction and awarding attorney fees. Judgment was signed on March 25, 2015.

On March 9, 2015, seven days after the trial court rendered judgment ordering the preliminary injunction, Katie filed an Answer, Exception of Prematurity, Exception of No Cause of Action, Exception of Unauthorized Use of Summary Proceedings, and a Reconventional Demand. A hearing on those exceptions was set for April 27, 2015. Additionally, on April 21, 2015, Katie filed a Motion to Dissolve Preliminary Injunction and Related Money Judgment. On April 27, 2015, the trial court overruled Katie's exceptions and denied her motion to dissolve the injunction. Judgment denying Katie's motion to dissolve and overruling her exceptions was signed on May 14, 2015, as was the order of appeal. Katie appeals the trial court's judgment denying her motion and exceptions. Billedeaux filed an Answer to Appeal seeking an award of attorney fees and costs incurred defending this appeal in accordance with the contractual provision in its employment contract

with Katie.

## LAW AND ANALYSIS

Katie asserts three assignments of error and identifies two assignments as "procedural" and one as "merits." Billedeaux asserts that because Katie did not appeal the judgment granting the preliminary injunction within the applicable delay period we are without jurisdiction to consider the issues raised by Katie on appeal.

Louisiana Code of Civil Procedure Article 3612 (C) provides for a fifteen-day period "from the date of the order or judgment" to appeal the issuance of the preliminary injunction. Further, "[a]n appeal is taken by obtaining an order therefor, *within the delay allowed*, from the court which rendered judgment." La.Code Civ.P. art. 2121 (emphasis added). The trial court granted the preliminary injunction on March 2, 2015, in open court and awarded attorney fees to Billedeaux on that date as well. Katie had fifteen days from that date to file a motion for appeal under the express provisions of La.Code Civ.P. art. 3612. No appeal of that order was taken. Thus, we are without jurisdiction to consider the trial court's granting of the preliminary injunction and award of attorney fees. Likewise, because Katie filed her exceptions after the hearing and rendering of judgment issuing the preliminary injunction we are without jurisdiction to address the exceptions. Louisiana Code of Civil Procedure Article 928 provides for the "time of pleading" these exceptions. Louisiana Code of Civil Procedure Article 2593 (emphasis added) expressly provides "Exceptions to a contradictory motion, *rule to show cause*, opposition, or petition in a summary proceeding *shall* be filed prior to the time assigned for, and shall be disposed of at, the trial." Exceptions to summary proceedings must be filed prior to the time assigned for trial. *Kyle v.*

*Johnson*, 01-2482 (La. App. 1 Cir. 5/10/02), 818 So.2d 979.

We also find the trial court properly denied Katie's Motion to Dissolve the preliminary injunction. The trial court on initial review of the Motion to Dissolve the preliminary injunction found the filing was procedurally improper. Louisiana Code of Civil Procedure Article 3607 provides in pertinent part:

> An interested person may move for the dissolution or modification of a temporary restraining order or preliminary injunction, upon two days' notice to the adverse party, or such shorter notice as the court may prescribe. The court shall proceed to hear and determine the motion as expeditiously as the ends of justice may require.

We note Katie was entitled to file her motion to dissolve at any time after the issuance of the preliminary injunction. Be that as it may, the trial court eventually decided to rule on the merits of the motion. Katie presented no new change of circumstances to support her motion to dissolve. She relied on the same arguments she made in opposition to the issuance of the preliminary injunction, *i.e.* that the trial court could not issue a preliminary injunction without a showing of irreparable harm and that the provisions in the agreement are over-broad. Louisiana Revised Statute 23:921(H) (emphasis added) expressly provides:

> Any agreement covered by Subsection B, C, E, F, G, J, K, or L of this Section shall be considered an obligation not to do, and failure to perform may entitle the oblige to recover damages for the loss sustained and the profit of which he has been deprived. In addition, upon proof of the obligor's failure to perform, and *without the necessity of proving irreparable injury, a court of competent jurisdiction shall order injunctive relief enforcing the terms of the agreement.*

It is well established jurisprudentially that a preliminary injunction may be issued without a showing of irreparable harm when "an employee enters into an agreement with his employer not to compete, pursuant to LSA-R.S. 23:921, and fails to perform his obligation under such an agreement …." *Vartech Systems, Inc.*

4

*v. Hayden*, 05-2499, p. 7 (La.App. 1 Cir. 12/20/06), 951 So.2d 247, 255. Additionally, the employment agreement between Katie and Billedeaux provided: "The Company shall also be entitled to injunctive relief without the necessity of providing irreparable harm or the posting of bond or security." Neither the applicable statute nor the employment agreement support Katie's argument and indeed expressly state that the injunction may issue without any showing of irreparable harm.

We also reject Katie's assertion that the agreement is over-broad and therefore invalid. The agreement contains a severability clause and thus, the trial court could reform the contract, if necessary, to enforce its prohibition in the two parishes in which Katie admits she was employed by a company in direct competition with Billedeaux in violation of the agreement. *See*, *Henderson Implement Co., Inc. v. Langley*, 97-1197 (La.App. 3 Cir. 2/4/98), 707 So.2d 482.

The contract between Billedeaux and Katie provides for the recovery of reasonable attorney fees and costs to the prevailing party:

> In the event of any legal action against Employee arising out of the breach or violation of any obligation or prohibition set forth in this Section 7 or otherwise in this Agreement, in addition to any other remedy provided for by applicable law, the Company shall be entitled to collect from Employee its reasonable attorney's fees, damages and costs.

Billedeaux answered Katie's appeal seeking attorney fees and costs arising out of this appeal. We are not asked to address the attorney fees awarded in the trial court at the issuance of the preliminary injunction because Katie elected not to appeal that ruling. Under the express terms of the employment contract at issue Billedeaux is entitled to its reasonable attorney fees and costs for any legal action against the employee as specified in the contract. Katie argues there has been no

5

trial on the merits adjudicating whether the contract at issue is in fact valid and binding and suggests we must defer any award of contractual attorney fees until the matter is finally concluded. Billedeaux, at this stage, is the successful party on appeal. The legal steps taken by Plaintiff to defend against the appeal were connected to enforcement of the employment contract and by its express terms Billedeaux is entitled to attorney fees. We hereby award to Billedeaux the sum of $750.00 as attorney fees for the work performed on appeal.[1] Because we affirm the trial court ruling, all costs of this appeal are assessed against Katie.

**Affirmed.**

---

[1] Although Plaintiff presented evidence below upon which the trial court based its award of attorney fees, no such evidence was presented to this court that would aid us in determining a greater amount to award.