STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2019 CA 0043

ZANELLA'S WAX BAR, LLC

VERSUS

TRUDY'S WAX BAR, LLC AND TRUDY BARNETT

**Judgment Rendered:** NOV 0 7 2019

\* \* \* \* \* \*

On appeal from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Docket Number 665,172

Honorable Richard Moore, Judge Presiding

\* \* \* \* \* \*

David M. Bienvenu, Jr.  Counsel for Plaintiff/Appellant
Lexi T. Holinga  Zanella's Wax Bar, LLC
Anthony J. Gambino
Melissa Jade Shaffer
Baton Rouge, LA


Jude C. Bursavich  Counsel for Defendants/Appellees
Jacob E. Roussel  Trudy's Wax Bar, LLC and
Carroll Devillier, Jr.  Trudy Barnett
Danielle L. Borel
Baton Rouge, LA

\* \* \* \* \* \*

BEFORE: WHIPPLE, C.J., GUIDRY, AND CRAIN, JJ.

Crain J. concurs.

**GUIDRY, J.**

This case arises from an alleged violation of a non-compete agreement. The trial court dissolved its previously issued preliminary injunction against Defendants-Appellees. The Plaintiff-Appellant appealed that judgment. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

In January of 2018, Plaintiff, Zanella's Wax Bar, LLC (Zanella's), filed an Emergency Petition for Permanent Injunction, Preliminary Injunction, and Motion for Temporary Restraining Order with Incorporated Memorandum. Zanella's is a domestic limited liability company with two salons in East Baton Rouge Parish. Named as defendants in Zanella's' emergency petition are Zanella's former employee, Trudy Barnett, and Trudy's Wax Bar, LLC.[1] Zanella's claims that Ms. Barnett began working for the company on or about September 10, 2013, and resigned from her employment on or about December 29, 2017. Moreover, Zanella's claims that prior to the commencement of Ms. Barnett's employment with Zanella's, Ms. Barnett signed a Nondisclosure and Noncompetition Agreement ("agreement"). The agreement requires that Ms. Barnett "not compete with Zanella's for a period of two (2) years within a 50-mile radius of any Zanella's location" and prohibits Ms. Barnett from soliciting Zanella's clients.

Zanella's alleges that Ms. Barnett violated the agreement by opening and operating Trudy's Wax Bar, LLC. Zanella's further alleges that Ms. Barnett's conduct in opening and operating Trudy's Wax Bar violated the Louisiana Unfair Trade Practices and Consumer Protection Law, the Louisiana Uniform Trade Secrets

---

[1] Trudy's Wax Bar, LLC, is a domestic limited liability company with a salon located in East Baton Rouge Parish. Trudy's Wax Bar opened on or about January 1, 2018. Ms. Barnett is the sole officer of Trudy's Wax Bar.

2

Act, Louisiana tort law, and various provisions of the Louisiana Criminal Code. La. R.S. 51:1401, *et. seq.*; La. R.S. 51:1431, *et. seq.*

On January 23, 2018, the trial court granted Zanella's a temporary restraining order, and on February 1, 2018,[2] after considering the law and evidence, granted Zanella's a preliminary injunction, finding the agreement to be binding between the parties. In granting the preliminary injunction, the following was ordered by the trial court: "The Defendants Trudy Barnett and Trudy's Wax Bar, LLC, are enjoined from any operation of a salon in East Baton Rouge Parish and any solicitation of Zanella's Wax Bar's, LLC's clients in East Baton Rouge Parish." Subsequently, Ms. Barnett and Trudy's Wax Bar sought review of the trial court's February 1, 2018 ruling in an application for emergency supervisory writs, which was denied by this court. See Zanella's Wax Bar, LLC v. Trudy's Wax Bar, LLC, 18-0151 (La. App. 1st Cir. 3/18/18) (unpublished writ action). On March 22, 2018, with the case before a second district court judge, Ms. Barnett and Trudy's Wax Bar filed a motion to dissolve the preliminary injunction and for damages and attorney's fees,[3] arguing: (1) the non-compete agreement that serves as the basis of the preliminary injunction is invalid because it fails to clearly define the "parishes, municipalities or parts thereof" of geographic restriction, as required by La. R.S. 23:921; and (2) the preliminary injunction is improper because it was issued without Zanella's furnishing security in an amount fixed by the trial court.

Zanella's, in opposition to the motion to dissolve the preliminary injunction, argued: Zanella's had met its burden of proof for the preliminary injunction; Ms. Barnett failed to formally request that a bond be fixed and the trial court did not set a bond; the motion to dissolve was procedurally improper because it presented no

---

[2] The judgment was signed on February 9, 2018.
[3] Ms. Barnett's claims for damages and attorney's fees were bifurcated from the motion to dissolve the preliminary injunction.

new change of circumstances; and jurisprudence does not require the parish to be specified. Following a hearing on the matter, the trial court signed a judgment dated August 31, 2018, which granted the Motion to Dissolve the Preliminary Injunction. Now, Zanella's appeals and assigns the following errors:

1) The [trial court] committed legal error by finding the non-compete agreement to be invalid and dissolving an injunction that was previously granted by the same court under Judge Johnson after hearing live testimony from witnesses and admitting exhibits.

2) The [trial court] committed legal error by finding the non-compete agreement to be invalid and dissolving an injunction where no change in circumstances occurred since the granting of the preliminary injunction.

3) The [trial court] committed legal error in dissolving the preliminary injunction in violation of the law of the case doctrine.

4) The [trial court] committed legal error by dissolving a preliminary injunction for the failure to require security when the [trial court] never "fixed" security as required by La. Code Civ. Proc. art. 3610, appellees never requested security be set and raised the issue for the first time in a motion to dissolve, effectively rewarding appellees for their "failure" to request security.

## DISCUSSION

We begin by addressing Zanella's' third assignment of error that the trial court violated the law of the case doctrine. In doing so, we note that the law of the case doctrine is a discretionary guide that relates to (a) the binding force of a trial judge's ruling during the later stages of trial, (b) the conclusive effects of appellate rulings at trial on remand, and (c) the rule that an appellate court ordinarily will not reconsider its own rulings of law on a subsequent appeal in the same case. Louisiana Land and Exploration Co. v. Verdin, 95-2579, pp. 3-4 (La. App. 1st Cir. 9/27/96), 681 So. 2d 63, 65, writ denied, 96-2629 (La. 12/13/96), 692 So. 2d 1067, cert. denied, 520 U.S. 1212, 117 S. Ct. 1696, 137 L. Ed. 2d 822 (1997). The reasons for the doctrine are to avoid re-litigation of the same issue, to promote consistency of result in the same litigation, and to promote efficiency and fairness to the parties by

4

affording a single opportunity for the argument and decision of the matter at issue. Louisiana Land and Exploration Co., 95-2579 at p. 4, 681 So. 2d at 65.

As it relates to an appellate court, the law of the case doctrine applies to all prior rulings or decisions of an appellate court in the same case, not merely those arising from the full appeal process. Guidry v. USAgencies Casualty Insurance Company, Inc., 16-0562, p. 8 (La. App. 1st Cir. 2/16/17), 213 So. 3d 406, 414, writ denied, 17-0601 (La. 5/26/17), 221 So. 3d 81). When an appellate court considers arguments made in supervisory writ applications or responses to such applications, the court's disposition on the issue considered usually becomes law of the case. Guidry, 16-0562 at p. 8, 213 So. 3d at 414. The denial of a writ application, however, is merely a decision not to exercise the extraordinary powers of supervisory jurisdiction, and does not bar reconsideration of, or a different conclusion on, the same question when an appeal is taken from a final judgment. Guidry, 16-0562 at pp. 8-9, 213 So. 3d at 414.

Moreover, a trial court's judgment on a preliminary injunction constitutes an interlocutory ruling. Zachary Mitigation Area, LLC v. Tangipahoa Parish Council, 16-1675, p. 5 (La. App. 1st Cir. 9/21/17), 231 So. 3d 687, 691; Acadian Ambulance Service, Inc. v. Parish of East Baton Rouge, 97-2119, p. 7 (La. App. 1st Cir. 11/6/98), 722 So. 2d 317, 322, writ denied, 98-2995 (La. 12/9/98), 729 So. 2d 583. The law of the case doctrine does not apply to a trial court's rulings on interlocutory issues. Land v. Vidrine, 10-1342, p. 9 (La. 3/15/11), 62 So. 3d 36, 42; Guidry, 16-0562 at p. 8, 213 So. 3d at 414. Prior to final judgment, a trial judge may, at his discretion, change the substance or the result of interlocutory rulings. Ryan v. State Farm Mutual Auto. Ins. Co., 10-0961, 10-0962, p. 4 (La. App. 1st Cir. 12/22/10), 68 So. 3d 563, 566, writ denied, 11-0172 (La. 4/1/11), 60 So. 3d 1250. Accordingly, for the foregoing reasons, we find no merit in this assignment of error.

In addressing the second assignment of error regarding the dissolution of the preliminary injunction when there was "no change in circumstances," we note the following:

> An interested person may move for the dissolution or modification of a temporary restraining order or preliminary injunction, upon two days' notice to the adverse party, or such shorter notice as the court may prescribe. The court shall proceed to hear and determine the motion as expeditiously as the ends of justice may require.

La. C.C.P. art. 3607.

A review of the plain language of La. C.C.P. art. 3607 reveals no requirement that there be a showing of a "change in circumstance" in order for a court to dissolve a preliminary injunction. It is a well-established principle of statutory construction that absent clear evidence of a contrary legislative intention, a statute should be interpreted according to its plain language. Cleco Evangeline, LLC v. Louisiana Tax Comm'n, 01-2162, p. 4 (La. 4/3/02), 813 So. 2d 351, 354. When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. La. C.C. art. 9; Denham Springs Economic Development Dist. v. All Taxpayers, Property Owners, 04-1674, pp. 6-7 (La. 2/4/05), 894 So. 2d 325, 330-331.

Zanella's relies on Billedeaux Hearing Center, LLC v. Urban-Kingston, 15-653 (La. App. 3d Cir. 1/13/16), 182 So. 3d 1280, where the Louisiana Court of Appeal, Third Circuit affirmed the trial court's denial of the defendant/appellant's motion to dissolve the preliminary injunction. While the Third Circuit stated in passing that the defendant/appellant presented "no new change of circumstances," it then went on to address the merits of the motion and rejected the defendant/appellant's prior arguments to the trial court and the same assertions to the court of appeal that the non-compete agreement was overbroad and that the trial court could not issue a preliminary injunction without a showing of irreparable harm.

6

This reference by the Third Circuit to "no change of circumstances" is *dicta*, and therefore, Billedeaux has no persuasive value in resolving the matter before us. Having found that a change in circumstance is not required by the applicable law, we conclude that this assignment of error lacks merit.

We now turn to Zanella's' first assignment of error and the primary issue herein, whether the Nondisclosure and Noncompetition Agreement was perfected in accordance with Louisiana law. Although Louisiana law generally disfavors non-competition agreements between employees and employers, certain statutory exceptions have been set forth by the legislature, such that La. R.S. 23:921(C), in part, provides:

> Any person, including a corporation and the individual shareholders of such corporation, who is employed as an agent, servant, or employee may agree with his employer to refrain from carrying on or engaging in a business similar to that of the employer and/or from soliciting customers of the employer within a specified parish or parishes, municipality or municipalities, or parts thereof, so long as the employer carries on a like business therein, not to exceed a period of two years from termination of employment.

O'Hara v. Globus Medical, Inc., 14-1436R, p. 18 (La. App. 1st Cir. 8/12/15), 181 So. 3d 69, 81-82.

An agreement limiting competition must strictly comply with the requirements of La. R.S. 23:921. Kimball v. Anesthesia Specialists of Baton Rouge, Inc., 00-1954, p. 6 (La. App. 1st Cir. 9/28/01), 809 So. 2d 405, 411, writs denied, 01-3316, 01-3355 (La. 3/8/02), 811 So. 2d 883 and 886; LaFourche Speech & Language Services, Inc. v. Juckett, 94-1809, p. 3 (La. App. 1st Cir. 3/3/95), 652 So. 2d 679, 680, writ denied, 95-0850 (La. 5/12/95), 654 So. 2d 351. A non-competition agreement must specifically name the parishes or municipalities in which the agreement is to have effect. VarTech Systems, Inc. v. Hayden, 05-2499, p. 11 (La. App. 1st Cir. 12/20/06), 951 So. 2d 247, 258.

In this case, the agreement found by the trial court to be binding between the parties reads:

> After expiration or termination of the employment, employee agrees not to compete with Zanella's for a period of two (2) years with a 50-mile radius of any Zanella's location. Employee agrees to refrain from carrying on or engaging in a business similar to that of the Zanella's and/or from soliciting customers of the employer within this radius so long as the employer carries on a like business therein, not to exceed a period of two years from termination of employment.
>
> Competition means owning or working for a business of the following type: [specify type of business employee may not engage in]
>
> Employee further agrees to pay reasonable damages, court costs, and attorney fees for any violation of the covenant not to compete. (R. 41)

(Bracketed text appears in original.)

Both non-competition and non-solicitation provisions must comply with the statutory requirements of La. R.S. 23:921(C). Vartech, 05-2499 at pp. 11 and 14-15, 951 So. 2d at 258 and 260-261; O'Hara, 14-1436 at pp. 19-20, 181 So. 3d at 82. The statute, La. R.S. 23:921(C), contemplates that the parishes specified in the agreement must be parishes where the ex-employer actually has a location or customers. Vartech, 05-2499 at p. 11, 951 So. 2d at 258.

In the present matter, there is no such specification in the nondisclosure and non-competition agreement because the agreement fails to list the "parish or parishes, municipality or municipalities, or parts thereof" to which the agreement applies. Rather, the agreement purports to establish the non-competition territory as a 50-mile radius of any Zanella's location without identifying or defining within the agreement the parishes, municipality or municipalities in which Zanella's has locations. We find that the provisions of the agreement fail to comply with the statutory requirements set forth in La. R.S. 23:921(C). We therefore find the provisions of the nondisclosure and non-competition agreement invalid and unenforceable as a matter of law.

8

Having so found, we conclude that the trial court did not err in dissolving the preliminary injunction. We therefore pretermit review of the fourth and final assignment of error, the issue of security.

## CONCLUSION

For the foregoing reasons, we affirm the February 9, 2018 judgment of the trial court dissolving plaintiff's preliminary injunction. All costs of this appeal are assessed to the appellant, Zanella's Wax Bar, LLC.

**AFFIRMED.**